Larry J. COLLINS, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 79S02–9103–CR–174.

Supreme Court of Indiana.

March 7, 1991.

Brent Westerfeld, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

The defendant Larry J. Collins appeals his conviction for operating a motor vehicle while suspended as a habitual traffic violator, a Class D felony. Indiana Code § 9-12-3-1. His four-year sentence was suspended except for 100 days. In an unpublished memorandum opinion, the Court of Appeals reversed the conviction, 564 N.E.2d 357, ruling that the State's exhibit containing a certification of mailing from the Indiana Bureau of Motor Vehicles was inadmissible as an official record or a business record. The State now petitions for transfer. Transfer is granted. We affirm the conviction.

In his direct appeal, the defendant raises the following issues:

a) whether the trial court erred in admitting a certification of mailing of suspension notice;

b) whether, apart from the certification, the remaining evidence is sufficient to sustain the conviction;

c) whether an instruction regarding proof of mailing as evidence of receipt constituted fundamental error.

When arrested for driving left of center on September 10, 1988, the defendant advised Indiana State Police detective Troy Knorr that his license was suspended. Records from the Indiana Bureau of Motor Vehicles indicated that the defendant's driver's license was suspended as a habitual traffic violator beginning January 16, 1987, and that on December 17, 1986, a notice of suspension thereon was mailed to Collins at his Indianapolis address. The defendant testified that he never received this notice of suspension; that the Indianapolis address was his "legal address" at the time; that he had not notified the Bureau of any address change; but that he was then separated from his wife and he was not living there when the notice would have been mailed.

### 1. Admissibility of Mailing Certification

■ The trial court overruled the defendant's timely objection to that portion of State's Exhibit 1 purporting to be a certification dated May 11, 1989, of a notice that a Habitual Traffic Violator Notice of Suspension was mailed to the defendant at the indicated address on December 17, 1986.

The Court of Appeals found the present factual situation identical to that in *Harris v. State* (1990), Ind.App., 555 N.E.2d 495, which held that a certification of mailing did not qualify as an official record because there was no duty, either statutory or implied, to maintain records of the mailing of suspension notices. Because transfer was

not sought in *Harris,* this Court has not had occasion to review this ruling.

In *Harris,* the majority recognized that with the advent of *State v. Keihn* (1989), Ind., 542 N.E.2d 963, "the duty of keeping a record of mailing of suspension notices may be necessarily implied," but concluded that such duty "did not exist before the decision in *Keihn.*" *Harris,* 555 N.E.2d 495 at 498, n. 3. Judge Baker dissented, viewing *Keihn* as articulating an already existing duty to keep records of mailing of notice.

In *Keihn,* this Court expressly approved *Burdine v. State* (1987), Ind.App., 510 N.E.2d 1385, which required the State in a prosecution for driving after having been adjudged a habitual traffic violator to prove the defendant's knowledge of the suspension as a result of such status. Explaining our belief that the prosecution's difficulty in proving such knowledge was not "a strong enough consideration to obviate knowledge as a required element of proof," we observed:

> When the Bureau of Motor Vehicles mails a notice of license suspension to the defendant's last known address, proof of such notice would allow the trial court to infer a defendant's knowledge.

*Keihn,* 542 N.E.2d at 968. As correctly noted in *Chambers v. State* (1989), Ind. App., 547 N.E.2d 301, proof of mailing is not an actual element of the offense of operating a motor vehicle while suspended as a habitual violator. However, applying *Keihn,* we recognize it as permissible evidence from which a necessary element, a driver's knowledge of the suspension, may be inferred.

The State contends that the questioned exhibit was admissible as an official record because the Bureau of Motor Vehicles had a duty to record the mailing of notice resulting not only from *Keihn* but also from the applicable statutory provisions that require the Bureau to mail a notice, and to suspend a violator's license 30 days after the notice is sent. Indiana Code § 9–12–2–1 provides:

> (a) Whenever it appears from the records maintained in the bureau that a person's driving record brings him within the definition of an [sic] habitual violator under IC 9–12–1–4, the commissioner shall mail a notice to the person's last known address that informs the person that his driving privileges will be suspended in thirty (30) days because the person is an [sic] habitual violator according to the records of the bureau.
>
> (b) Thirty (30) days after the commissioner has mailed a notice under this section, he shall suspend the person's driving privileges for:
>
> > (1) ten (10) years if the person is an [sic] habitual violator under IC 9–12–1–4(b);
> >
> > (2) ten (10) years if the person is an [sic] habitual violator under IC 9–12–1–4(c); or
> >
> > (3) five (5) years if the person is an [sic] habitual violator under IC 9–12–1–4(d).
>
> (c) The notice must inform the person that he may be entitled to relief under section 2 of this chapter or may seek judicial review of his suspension under this chapter.

The State argues that a duty to record mailing should be inferred from the fact that proof of mailing is an evidentiary prerequisite to establishing that the suspension is valid as occurring 30 days after the notice was mailed. *Chambers v. State* (1989), Ind.App., 547 N.E.2d 301.

We agree. Because of the resulting duty to record the mailing of notice, the certification of mailing contained in State's Exhibit 1 was admissible as within the official records exception to the hearsay rule. On this point *Harris* is overruled. The trial court did not err in overruling the defendant's objection.

## 2. Sufficiency of Evidence

The defendant's argument regarding insufficiency of evidence is premised upon his claim that the certification of mailing was not admissible. Since he has not prevailed on that issue, his claim of insufficient evidence must also fail.

### 3. Instruction That Mailing Was Sufficient to Prove Receipt

■ The defendant contends that the trial court committed fundamental constitutional error when it instructed the jury that evidence of a properly mailed letter was sufficient to establish receipt by the addressee unless contradicted by other evidence. He argues that the instruction could reasonably be understood to create a mandatory presumption, and therefore violated due process by relieving the State of the burden of persuasion on an element of the offense, citing *Sandstrom v. Montana* (1979), 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39; *Francis v. Franklin* (1985), 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344; and *In re Winship* (1970), 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368. We agree.

The trial court's final instructions included the following:

> Evidence that a letter properly addressed, stamped and deposited in the U.S. Mail is prima facie proof that the letter was received by the person to whom it was addressed. Whether the denial of receipt by the person to whom the letter was addressed is sufficient to overcome the prima facie case is for the trier of fact to determine from all of the evidence.

> "Prima facie evidence" means such evidence as is sufficient to establish a given fact and which will remain sufficient if uncontradicted.

This instruction could reasonably be understood to advise that evidence of mailing constituted proof of receipt, and that the defendant must "overcome" such proof. As such, the instruction created an improper mandatory presumption, not merely an instruction which informed the jury that they might infer receipt of notice from evidence of mailing. Even though the instruction made the presumption rebuttable, a mandatory rebuttable presumption is no less unconstitutional. *Francis*, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344.

■ Acknowledging his failure to timely object to these instructions as required by Ind. Criminal Rule 8(B), the defendant argues that the giving of these instructions constitutes fundamental error which should excuse trial counsel's procedural default.

To support a contention of fundamental error, a defendant must demonstrate that, had the proper objection been made at trial, the court would have had no choice but to sustain the request. *Brockway v. State* (1987), Ind., 502 N.E.2d 105. To qualify as "fundamental," the error must be a substantial and blatant violation of basic principles rendering the trial unfair to the defendant. *Wilson v. State* (1987), Ind., 514 N.E.2d 282. We find that the instructions at issue, resulting in the shifting of the burden of proof upon an essential element of the crime, constituted fundamental error.

■ Having determined that procedural default thus does not preclude the defendant from asserting his claim of error in giving the instructions at issue, we must determine whether such erroneous instruction was harmless. A *Sandstrom* instruction error, being of constitutional dimension, will not require reversal of a conviction where, after review of the entire record, the reviewing court concludes the error was harmless beyond a reasonable doubt. *Rose v. Clark* (1986), 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460; *Chapman v. California* (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

The evidence at trial shows that, in an incident separate and distinct from the present charge, the defendant was stopped by West Lafayette, Indiana, police officer John Cox on Feb. 21, 1988, six months before the present offense, and advised that his license was suspended for being a habitual traffic offender. Record at 129–32. The defendant admits that at his court appearance in April, 1988, resulting from the February arrest, the judge read to him the charge that he knowingly operated an automobile after having been adjudged a habitual traffic offender. Record at 147–151, 155. We conclude that the erroneous instruction was harmless beyond a reasonable doubt because other evidence established the defendant's knowledge of his suspension as a habitual traffic violator.

We therefore find no reversible error on this issue.

Transfer is granted. The opinion of the Court of Appeals is vacated. The judgment of the trial court is affirmed.

DeBRULER, GIVAN and KRAHULIK, JJ., concur.

SHEPARD, C.J., concurs in result.