956 F.2d 272
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Andrew SMITH, Jr., Petitioner/Appellant,
v.
Thomas D. RICHARDS, Superintendent and, Indiana Attorney
General, Respondent/Appellee.
 No. 91-2129.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 18, 1992.*
Decided Feb. 27, 1992.
Rehearing and Rehearing In Banc
Denied March 25, 1992.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 90 C 620, Allen Sharp, Chief Judge.
 
 
 1
 N.D.Ind.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 An Indiana jury convicted Andrew Smith of conspiracy to deliver cocaine and delivery of cocaine. He received a total sentence of 30 years' imprisonment on these convictions. The Indiana appellate court affirmed Smith's conviction on May 10, 1990, and the Indiana Supreme Court denied transfer on October 3. Having exhausted his state court remedies, Smith petitioned the federal district court for relief pursuant to 28 U.S.C. § 2254. In his petition, he alleged, among other things, prosecutorial misconduct and a violation of his right to be tried within one year.[1] Smith appeals the district court's denial of his section 2254 petition. We affirm.
 
 
 4
 Smith asserts that the prosecutor's improper remarks during closing argument deprived him of a fair trial. Specifically, Smith contends that the prosecutor commented on Smith's potential sentence in violation of a motion in limine and inflamed the passions of the jury by characterizing defense counsel as a person who embraces rapists and child molesters and by suggesting to them that convicting Smith would send a message to the community. The Indiana appellate court held that Smith's failure to make timely, specific objections to these remarks at trial constituted a waiver of his right to challenge these statements on appeal. Smith v. State of Indiana, No. 20A04-89707-CR-292, Mem.Dec. at 4-7 (Ind.App.Ct. May 10, 1990).[2] The Indiana appellate court explicitly relied on Smith's procedural defaults in affirming his conviction.
 
 
 5
 Consequently, before Smith can obtain federal habeas review of his unfair trial claim, Smith must demonstrate both cause for and prejudice resulting from these defaults.[3] Harris v. Reed, 489 U.S. 255, 260-66 (1989); Bae v. Peters, 950 F.2d 469, 480 (7th Cir.1991). A petitioner can demonstrate cause by pointing to an external factor blocking his ability to comply with the procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). This Smith has not done. Instead, Smith argues that the "heat of battle" caused counsel not to properly object to the prosecutor's remarks. Smith makes no claim that his counsel's failure to object amounted to ineffective assistance of counsel. See id. at 486-88 (ineffective assistance of counsel can constitute cause for a procedural default). In short, Smith has waived federal habeas review of his prosecutorial misconduct claim because he presents no valid explanation for counsel's failure at trial to object to the prosecutor's remarks.[4]
 
 
 6
 Next, Smith contends that his right to a speedy trial was violated because his trial occurred almost three years after his arrest. Smith points to his statutory right to be tried within one year "from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later...." See Ind.Crim.Rule 4(c). The state is relieved of its obligation to try the defendant within one year if the delay is caused by the defendant's actions, or by a continuance obtained on the defendant's own motion. See Ind.Crim.Rule. 4(c). The Indiana appellate court held that the delay in bringing Smith to trial was brought about by the granting of his co-defendant's motions for continuances and that under Indiana law the delay was properly attributable to Smith because he had failed to object to these continuances. The court also found that Smith's failure, on two separate occasions, to alert the court that it had set his trial date outside the Rule 4 time limit constituted a waiver of the error. See Smith, No. 20A04-8907-CR-292, Mem.Dec. at 8-11. The court denied Smith's claim as a matter of Indiana law, thus we may not review its ruling. Williams v. Chrans, 894 F.2d 928, 937 (7th Cir.1990). Moreover, Smith's statutory speedy trial claim, focusing on Indiana law, fails to state a violation of the federal constitution or of federal law. Id. at 937 (federal habeas court lacks jurisdiction to issue writs of habeas corpus on claims unless they allege a federal constitutional violation).
 
 
 7
 To the extent that Smith argues that the three-year delay in bringing him to trial violated his Sixth Amendment right to a speedy trial, we note that on this record Smith cannot successfully establish such a violation.[5] The three-year delay in bringing Smith to trial is presumptively prejudicial, thus triggering the four-factor test for determining a Sixth Amendment speedy trial violation set forth in Barker v. Wingo, 407 U.S. 514 (1972). See United States v. Ashford, 924 F.2d 1416, 1421 (7th Cir.1991) ("[w]e have in the past held delays as little as twelve months are presumptively prejudicial"). Pursuant to the Barker test, this court looks to the " '[l]ength of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.' " Id. (citation omitted).
 
 
 8
 Although the length of the delay was substantial in this case, according to the Indiana court, it was largely attributable to Smith. We must accord the Indiana appellate court's factual findings concerning the cause of delay a presumption of correctness unless they are unsupported by the record. Bae, 950 F.2d at 473. Smith contends that the continuances were not properly attributable to him because his counsel received no notice of or opportunity to object to his co-defendant's requests for continuances. The record does not support this contention but instead shows that counsel repeatedly failed to attend pretrial status conferences. Indeed, the court eventually removed Smith's retained counsel for his failure to attend status conferences and appointed a public defender to represent Smith.
 
 
 9
 Next, Smith did not assert his right to a speedy trial until well after the continuances he complains of were granted. Perhaps Smith asserted his right to a speedy trial so late in the delay period the court replaced his retained counsel with appointed counsel. But, even if we do not weigh this factor heavily against Smith, see Ashford, 924 F.2d at 1421, he does not demonstrate any real prejudice resulting from the three-year delay in bringing him to trial. Instead he argues generally that his long period of incarceration had a detrimental impact upon him and that it allowed the government time to bolster its case by adding more witnesses against him. Cf. United States v. Kimberlin, 805 F.2d 210, 226 (7th Cir.1986) (general claims of discomfort and inconvenience of incarceration are not sufficient to establish prejudice, rather defendant must allege specific prejudice, e.g. the loss of a particular witness). This, coupled with the fact that the delay was attributable to Smith, leads us to conclude that Smith's Sixth Amendment right to a speedy trial was not violated.
 
 
 10
 Accordingly, the district court's denial of Smith's petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Smith's petition also raised two claims at the district court level concerning the Indiana trial court's evidentiary ruling, but he does not raise these claims on appeal
 
 
 [2]
 Smith asserts that his motion in limine preserved a challenge to the prosecutor's comment on his possible sentence. However, under Indiana law, a motion in limine is not considered a final ruling and, as such, preserves nothing for appeal. See Hadley v. State, 496 N.E.2d 67, 71 (Ind.1986). Smith also contends that his counsel objected to the prosecutor's characterization of him (defense counsel) as a person who embraces child molesters and rapists. The record reveals that defense counsel did say "I think this is completely improper," but the Indiana appellate court, citing Shanholt v. State, 448 N.E.2d 308, 319 (Ind.App.Ct.1983), held that the objection was not specific enough to preserve an issue for appellate review. Whether the Indiana court correctly found that Smith waived these issues is a matter of state law, which does not give rise to federal habeas review. See Fagan v. Washington, 942 F.2d 1155, 1158 (7th Cir.1991)
 
 
 [3]
 Instead of demonstrating cause for and prejudice resulting from his defaults, Smith points to Indiana law and asserts that the prosecutor's remarks constituted fundamental error. While fundamental error may excuse a default in Indiana, see Collins v. State, 567 N.E.2d 798, 801 (Ind.1991), on federal habeas review, a procedural default, absent a miscarriage of justice, will be excused only upon a showing of cause and prejudice. McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991). See also Baskin v. Clark, No. 90-3699, slip op. at 5 (7th Cir. Feb. 4, 1992) ( [t]he amorphous concept of "fundamental fairness".... does not fulfill the "cause and prejudice" standard"). Smith does not argue that the very narrow miscarriage of justice exception excused his defaults, nor do the facts of this case suggest that a miscarriage of justice occurred. See McCleskey, 111 S.Ct. at 1474 (miscarriage of justice exists where error complained of affects the reliability of the guilt determination)
 
 
 [4]
 Because we hold that Smith has failed to establish cause for his procedural default, it is unnecessary to discuss the issue of actual prejudice. Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir.1989)
 
 
 [5]
 Although Smith's speedy trial claim in the Indiana appellate court was framed entirely within the context of Indiana law, the State has failed to argue that Smith, by not raising his speedy trial claim in the context of the Sixth Amendment, forfeited a federal speedy trial claim. Consequently, the state itself has waived the waiver argument. Fagan v. Washington, 942 F.2d at 1157