**Guy KINDEL, Jr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A04–9407–CR–290.

Court of Appeals of Indiana,
Fourth District.

March 31, 1995.

Gregory L. Fumarolo, Fort Wayne, for appellant.

118

Pamela Carter, Atty. Gen., Joseph F. Pieters, Deputy Atty. Gen., Indianapolis, for appellee.

**OPINION**

RILEY, Judge.

Defendant–Appellant Guy Kindel, Jr. (Kindel) appeals his conviction of operating a motor vehicle while privileges are suspended,[1] a class D felony.

We affirm.

*ISSUES*

Kindel raises two issues for our review which we rephrase as:

1. Did the trial court abuse its discretion when it admitted an Indiana Bureau of Motor Vehicle record into evidence?

2. Is the evidence sufficient to support Kindel's conviction?

*FACTS*

Late in the afternoon of September 19, 1993, Officer Daniel Thorn of the Fort Wayne Police Department was flagged down by a pedestrian who had witnessed an individual in a green car driving dangerously. The driver of the car was Kindel. Kindel had parked his car nearby. Officer Thorn approached Kindel and asked for his driver's license. The officer noticed that the license had expired and advised Kindel that he could not drive the car.

Officer Thorn left the scene. A short time later, Officer Thorn saw Kindel driving the same car. He stopped Kindel, and using the information on Kindel's license, obtained information that Kindel was an habitual traffic violator and transported Kindel to lock-up.

After a bench trial, Kindel was found guilty of operating a motor vehicle while privileges are suspended. He now appeals.

*DISCUSSION*

I.

The trial court admitted a copy of Kindel's official driving record certified by Gilbert Holmes, Commissioner of the Indiana Bu-

reau of Motor Vehicles (BMV) to prove that the "driving record qualified him as a habitual traffic offender." Appellant's Brief at 5. Kindel contends that the BMV record was inadmissible because it contained factual findings offered by the government in violation of the specific exclusionary clause in Ind.Evidence Rule 803(8). Kindel is correct in maintaining that Indiana courts have not addressed whether the exclusionary provisions of Evid.R. 803 would make the BMV's determination of a driver's status of habitual violator of traffic laws inadmissible.

According to Evid.R. 803:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness....

(8) Public records and reports.... records, reports, statements, or data compilations in any form, of a public office or agency, setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law.... The following are not within this exception to the hearsay rule: ... (c) factual findings offered by the government in criminal cases.

Evid.R. 803(8)(c). Thus, "observations" made by public officials are admissible; however, "investigative reports" and "factual findings" are excluded.

Convictions noted on an official driving record are based solely upon statements received from individuals or entities outside the BMV; however, the BMV records are regularly maintained pursuant to a duty imposed by statute and thus, qualify as "observations," not as "investigative reports." *See Collins v. State* (1991), Ind., 567 N.E.2d 798, 800. However, Kindel contends, the fact that an individual is an habitual traffic offender is an "administrative factual finding made by an individual employed by the BMV" and inadmissible under Evid.R. 803(8)(c). Thus, the issue before us is whether the BMV makes an admissible "observation" or an inadmissible "factual finding" within the pur-

1. *See* IND.CODE 9–30–10–16 (1993).

view of Evid.R. 803(8) when it determines that a driver is an habitual traffic offender.

Neither the rules of evidence nor Indiana precedent define the terms in question; however, the importance of characterizing the content of public records and reports has been recognized by one commentator as critical in determining admissibility. *See* 13 R. Miller, *Indiana Practice, Indiana Evidence* 223 (1994 Supp.). Judge Miller cautions that Indiana's Evid.R. 803(8) differs significantly from federal evidence rules and from most state rules, diminishing the significance of the resulting decisions. However, he offers some guidance for characterizing a report based on the decisions of other courts. *Id.* Judge Miller suggests that:

(3) Conduct by a public official that involves no subjective interpretation by public official that could taint trustworthiness generally will be observations, as to which none of the exclusions in Rule 803(8) apply.

(4) Factual findings generally will consist of the product of an investigation that requires the preparer to make an inferential selection between possible truths, whether based on information drawn from other persons or first hand knowledge, and whether based on conflicting evidence.

*Id.* at 225.

The BMV determined that Kindel was a habitual violator of traffic laws pursuant to I.C. 9–30–10–4(b), which states:

A person who has accumulated at least three (3) judgments within a ten (10) year period for any of the following violations, singularly or in combinations, not arising out of the same incident, and with at least one (1) violation occurring after March 31, 1984, is a habitual violator.

The action of the BMV is dictated by I.C. 9–30–10–5(a) which states:

If it appears from the records maintained in the bureau that a person's driving record makes a person a habitual violator under Section 4 of this chapter, the bureau shall mail a notice to the persons's last known address that informs the person that the person's driving privileges will be suspended in thirty (30) days because the person is a habitual violator according to the record of the bureau.

According to these statutes, the finding of habitual violator is not the product of an investigation that requires the BMV to make inferential selections between possible truths, and thus, this finding should not be considered a "factual finding" for the purposes of Evid.R. 803(8). Rather, the BMV suspends the driver's license and notifies the license holder of such suspension, relying upon the convictions handed down by trial courts which are the factfinders in these cases. The BMV's conduct involves no subjective interpretations that could taint trustworthiness generally and should be treated as "observations" to which the exclusions of Evid.R. 803(8) do not apply.

The determination of habitual violator in the BMV record is based exclusively upon matters observed pursuant to a duty imposed by law and as such is admissible pursuant to the hearsay exception found in Evid.R. 803(8). The trial court did not abuse its discretion in admitting Kindel's BMV record into evidence.

## II.

■ Kindel also contends that the evidence is insufficient to support his conviction. When presented with a challenge to the sufficiency of the evidence, we consider only that evidence most favorable to the State, and all reasonable inferences drawn therefrom. *Marshall v. State* (1993), Ind., 621 N.E.2d 308, 320. We will not reweigh the evidence nor judge the credibility of the witnesses. *Id.* We will not disturb the findings made by the trier of fact if we find that there is substantial evidence of probative value to support the conviction. *Miller v. State* (1991), Ind., 563 N.E.2d 578, 581, *reh'g denied* (1991), 577 N.E.2d 587.

■ Kindel argues that there is insufficient evidence to prove the underlying habitual violator of traffic laws finding. This argument is premised upon his claim that the BMV record was not admissible. Because he has not prevailed on that issue, his claim of insufficient evidence must also fail.

Kindel also argues that the evidence is insufficient to prove his knowledge of the habitual violator finding. A defendant's knowledge of suspension can be inferred from the BMV's mailing of a notice of suspension to his last known address. *Burdine v. State* (1987), Ind.App., 510 N.E.2d 1385, 1388–89, *reh'g denied, trans. denied.* The record reveals that a letter of suspension was sent to Kindel on or about September 16, 1991, and by Kindel's own admission, the letter was mailed to his correct address. Thus, the trial court properly inferred that Kindel was notified of his suspension by the BMV.

Kindel further argues that a prior letter from the BMV led him to believe that he was no longer under suspension after June 24, 1993. However this letter merely states that Kindel was "eligible for reinstatement on June 24, 1993" (R. at 114), and not that he was reinstated as of that date. The evidence of record is of sufficient probative value to sustain Kindel's conviction of operating a motor vehicle while privileges are suspended.

Judgment affirmed.

DARDEN and KIRSCH, JJ., concur.