**Francisco Fernandez SANTANA, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 284 S 63.

Supreme Court of Indiana.

Jan. 2, 1986.

Robert R. Garrett, Public Appellate Counsel, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Latr[i]ealle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Escape and Attempted Murder. The court imposed an eight year sentence for escape and a forty (40) year sentence for Attempted Murder.

The facts are: While in police custody in an unrelated matter, appellant was injured and required medical assistance. He was transported to a nearby hospital where minor wrist surgery was performed. Due to his injury, he was not handcuffed when he was placed in the rear compartment of the police car for the return trip to the jail. During that drive, appellant attacked the lone officer in the car. Appellant subdued the officer and took the officer's weapon. Appellant then fled into a nearby residential neighborhood. The officer radioed for assistance and several officers responded. As the officers gave chase, appellant fired several rounds from the weapon. One officer testified he felt the heat on his face from a bullet which barely missed him.

Appellant raises the single issue of whether the trial court committed funda-

mental error when it gave Final Instruction # 5. The instruction provided:

"The crime of Attempted Murder, as it pertains to Count II and III, in part is defined as follows:

A person who knowingly or intentionally kills another human being commits murder, a felony. A person attempts to commit a crime, when acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit murder is a Class A felony.

To convict the defendant of the crime of attempted murder, the State must have proved the following elements:

1. the defendant knowingly or intentionally

2. took a substantial step to accomplish

3. a knowing or intentional killing of another human being.

If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty of attempted murder.

If the State did prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of attempted murder, a Class A felony."

Appellant argues the instruction permitted the jury to find him guilty upon a finding he "knowingly" took a substantial step to accomplish the killing of another human being. He asserts the case law requires a finding the defendant "intentionally" engaged in this conduct. Appellant acknowledges there was no objection to the instruction; however, he contends the error is fundamental.

Appellant cites *Smith v. State* (1984), Ind., 459 N.E.2d 355 (Givan, C.J. and Pivarnik, J., dissenting) for the proposition that the instruction was not only error, but also fundamental error. In *Smith* the trial court gave the following instruction:

"You are instructed that the essential elements of the crime of attempted Murder which the State of Indiana must

prove beyond a reasonable doubt are the following:

1. That the Defendent (sic) knowingly,

2. Engaged in conduct that constituted a substantial step toward the commission of Murder."

This Court noted no objection had been made to the instruction and that a timely objection is generally necessary to preserve an alleged instruction error. This Court then reviewed the criteria necessary to establish fundamental error and concluded those criteria had been met.

In discussing the nature of the error, we said:

"Thus, we are left with instructions which would lead the jury to believe that the Defendant could be convicted of attempted murder if he knowingly engaged in conduct which constituted a substantial step toward the commission of murder. Although one may be guilty of murder, under our statute, without entertaining a specific intent to kill the victim, he cannot be guilty of attempted murder without entertaining such intent. The attempt must be to effect the proscribed result and not merely to engage in proscribed conduct. An instruction which correctly sets forth the elements of attempted murder requires an explanation that the act must have been done with the specific intent to kill. Here, the instruction does not, and the jury might infer from the instructions given that they could find the Defendant guilty of attempted murder even if there was no intent to kill the victim at the time he acted." *Id.* at 358.

Appellant misconstrues this language to be an admonition against the use of the word "knowingly" to describe the *mens rea* element of the crime of Attempted Murder. This is entirely incorrect. The error in the *Smith* instruction dealt with the second portion of the instruction which focused on the proscribed conduct and not on the proscribed result. In the case at bar the instruction properly instructed the jury on this point. Thus *Smith* is not applica-

ble. There was no error, fundamental or otherwise.

The trial court is in all things affirmed.

DeBRULER, PIVARNIK and SHEPARD, JJ., concur.

PRENTICE, J., dissents with separate opinion.

PRENTICE, Justice, dissenting.

I dissent. I agree, as explained by the majority opinion, that Appellant has misconstrued *Smith v. State* (1984), Ind., 459 N.E.2d 355. The instruction, nevertheless, was erroneous, because it did not convey the message that it is the accused's state of mind when he took the "substantial step" that determines whether or not he attempted the ultimate crime of murder. This is a thing apart from whether he took the "substantial step" intentionally or merely knowingly.

The crime proscribed is an attempt to commit murder—not *an attempt to attempt* to commit murder. An intention to effect a particular result is inherently embodied in an attempt to do so. The intent may exist apart from the attempt, but the attempt may not take place without the intent.

The point of *Smith, supra,* is that although *murder,* as defined by our statute, may be committed without an intent to kill, attempted murder cannot be committed without an intent to kill.

In *Smith* the instruction referred to engaging in conduct that constituted a substantial step toward the *commission of murder.* Murder, by statutory definition, is the killing of another human being *knowingly or intentionally.* In the case at bar, the instruction referred to *knowingly or intentionally killing of another human being.* Knowingly or intentionally killing of another human being is *murder.* The two instructions say the same thing.

The instruction was bad for the same reason it was bad in *Smith.* It did not advise the jury that in order to prove the crime charged it was necessary to prove that the "substantial steps" were taken with the intention of killing another human being.

Given our present statutory definitions of murder, it is clumsy and probably futile to attempt to define the crime of attempted murder by combining the words of the two statutes. It also appears to be needless. An *attempt* is conduct intended to product a particular result. If the result intended is to kill a human being, then the conduct is attempted murder. The attempt to define the crime charged in terms employed by the two statutes simply complicates a simple matter, and the instruction should have been: "To convict the defendant of the crime of attempted murder, the State must have proved that the defendant intended to kill a human being and took a substantial step to do so."

I would reverse the conviction upon the count appealed and remand for a new trial under instructions in accordance with the foregoing.