**Robert Lee ARTHUR, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 185S22.**

Supreme Court of Indiana.

Nov. 14, 1986.

Charles A. Beck, Indianapolis, for appellant (defendant below).

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee (plaintiff below).

PIVARNIK, Justice.

Defendant-Appellant, Robert Lee Arthur, was convicted by a Marion Superior Court jury of attempted murder, a class A felony. The jury also found Appellant a habitual offender. The trial court sentenced Appellant to fifty (50) years for attempted murder, enhanced by thirty (30) years for being a habitual offender. In this direct appeal, Appellant raises the following issues for our review:

1) whether there is sufficient evidence to support his conviction;

2) whether the trial court erred in admitting State's Exhibit No. 13; and

3) whether his sentence of fifty (50) years for attempted murder is excessive.

I

Appellant first claims there was insufficient evidence to support his conviction for attempted murder. When we are asked to review the sufficiency of evidence supporting any conviction, we do not reweigh the evidence nor judge the credibility of the witnesses. We consider only the evidence favorable to the State, together with all reasonable inferences drawn therefrom. If there is substantial evidence of probative value supporting each element of the crime charged, we will affirm the conviction. *McMurry v. State* (1984), Ind., 467 N.E.2d 1202, 1204.

The evidence most favorable to the State is as follows. On January 9, 1984, Appellant was involved in a barroom brawl at the Shar-Mar Social Tavern in Indianapolis. He stabbed a man, threatened to kill him, and tried to stab another man. Appellant left, but returned with his brother and demanded entry into the tavern. Appellant claimed he had lost money in the tavern. The door of the tavern was locked and the two were not allowed inside. The owner of the tavern, Mr. Petroff, met Appellant and his brother outside, and was informed of the situation. He promised to telephone the tavern from a nearby phone booth and see if he could get Appellant's money back. While Mr. Petroff was in the phone booth talking on the phone, Appellant stabbed him in the chest with a knife. Appellant continued to stab at Mr. Petroff as he tried to close the phone booth door to protect himself. Even after Mr. Petroff had the door closed, Appellant continued striking at the glass with his knife. Appellant then abruptly ran off.

Mr. Petroff was able to make his way to the tavern even though he was bleeding badly. He was taken to the hospital by ambulance. The stab wound had cut an artery, which caused him to lose nine pints of blood and required surgery.

Appellant contends that these facts fail to show he took a substantial step towards murdering Mr. Petroff, or that he had the intent to kill Mr. Petroff. We disagree.

Appellant took a substantial step towards murdering Mr. Petroff when he thrust his knife into the victim's chest. Appellant continued to slash at Mr. Petroff with the knife. It is well settled that the intent to kill may be inferred from the intentional use of a deadly weapon in a manner reasonably calculated to produce death or great bodily harm. *McMurry* at 1204. Given this, we find there was sufficient evidence on each material element of the crime of attempted murder to support Appellant's conviction.

## II

Appellant's next contention is that in the habitual offender portion of his trial, the trial court erred in admitting State's Exhibit No. 13 into evidence. State's Exhibit No. 13 was an Information and docket entry for a case of operating a motor vehicle while intoxicated. The name on these documents was "Ronald D. Arthur." Appellant's name is "Ronald Lee Arthur." Appellant makes several arguments why this evidence should not have been admitted, but none of these are persuasive.

First of all, the arrest report of Robert D. Arthur for driving while intoxicated lists as an alias "Robert Lee Arthur." Also, the State showed that the fingerprints included in the arrest report of Robert D. Arthur were identical to Appellant's. Finally, evidence concerning two other prior unrelated felonies was introduced by the State. Thus, there was sufficient evidence before the jury to support its finding that Appellant was a habitual offender. State's Exhibit No. 13 concerned yet a third, unrelated, prior felony, which was merely surplusage, and its admission into evidence could not have constituted error. *Davis v. State* (1985), Ind., 472 N.E.2d 922, 924.

## III

Finally, Appellant argues the trial court abused its discretion by increasing his sentence twenty (20) years for aggravating circumstances. He contends the trial court did not consider as a mitigating factor, the fact that Appellant remained a law abiding citizen from July 3, 1982 through January 16, 1984, a period of eighteen (18) months. His argument is totally without merit.

It is well settled that the trial court has the discretion to determine what weight to be given to aggravating or mitigating circumstances. *Anderson v. State* (1984), Ind., 466 N.E.2d 27, 33. When a sentence is within the statutory limits, we are not at liberty to set aside or alter the sentence unless the record indicates a manifest abuse of discretion. *Id.* at 33. Here, Appellant's criminal history was extensive. He had been convicted for three prior felonies, one involving death. He had been arrested thirty-nine (39) times as an adult, and nine (9) times as a juvenile. Appellant was twenty-nine years old. Clearly the trial court did not abuse its discretion in finding and weighing these aggravating circumstances. Further, we cannot say that a period of eighteen months without any criminal activity should be termed a mitigating circumstance in favor of Appellant. It could just as easily be said that Appellant could not stay out of trouble with the law for more than a year and a half, which could be seen as an aggravating factor. Thus, the trial court did not abuse its discretion in sentencing Appellant.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.