**Raymond WORLEY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 484S160.**

Supreme Court of Indiana.

Dec. 15, 1986.

C. Jerome Smith, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Raymond Worley was charged with attempted murder, a class A felony. At the conclusion of a jury trial in the Lake Superior Court, he was found guilty but mentally ill and was sentenced to twenty (20) years. The following issues are raised on direct appeal:

1. whether a verdict of guilty but mentally ill of attempted murder is logically consistent with the laws of the State of Indiana;

2. whether the jury instructions were sufficiently complete on the element of specific intent; and

3. whether the evidence was sufficient to sustain the conviction.

At approximately 5:25 a.m. on December 13, 1981, the Kovera family was awakened by a loud noise. John, a son, and a friend of Appellant, came upstairs from his basement bedroom and said someone had shot through his window. The police arrived within minutes and checked the outside of the window. Officer Maze went outside the house to check the window again. As he stepped off the porch, a shot was fired at him from his car. Maze took cover, ordered Appellant, who was inside his, Maze's, car, to get out of the car; and returned fire at the car five times, all of which had no effect on Appellant. Officer Hardacker left the back of the house and saw Maze hiding. He went to a corner of the garage and saw Appellant in Maze's car. He fired one shot at Appellant, who fell over, unconscious. A .22 caliber semi-automatic Sturm-Ruger pistol was found in Appellant's lap. Ballistics tests proved that spent cartridges found at the scene were fired from Appellant's gun. A neighbor of the Koveras testified that two days before the shooting, he saw Appellant approach the Kovera house shouting to John, "John, don't blasphemy me as I'll kill you." John answered, "Ray, I won't; I never did." Testimony at trial showed that both Appellant and John Kovera had histories of mental illness. Two psychiatrists, Drs. George A. Batacan and Marcus Wigutow, testified Appellant suffered from paranoid schizophrenia, and was insane. Dr. Myron E. Berkson agreed Appellant suffered from paranoid schizophrenia, but made no determination as to his sanity. Dr. Lee Michael Pericolat was unable to determine Appellant's mental status at the time of the crime, but believed Appellant was suffering total amnesia regarding the facts of the offense.

I

Appellant maintains that since attempted murder is a specific intent crime, and since diminished capacity constitutes a defense to specific intent crimes, the jury's verdict of guilty but mentally ill constitutes a finding of diminished capacity and is logically inconsistent with a finding that Appellant possessed the requisite specific intent.

■ Appellant's logic fails at the point where he equates a verdict of guilty but mentally ill with a finding of diminished capacity. The two are not identical. This Court found, in *Truman v. State* (1985), Ind., 481 N.E.2d 1089, 1090, that mental illness was not, nor had it ever been, a defense to a crime in Indiana:

> "It is of no consequence whatever that a jury or a judge finds a person mentally ill at the same time they find him to be guilty."

Although Appellant would have us equate his status with one found to be insane, the evidence related above shows there was a conflict regarding the issue of insanity. The jury, as they are permitted to do, resolved the conflict by not finding Appellant insane. Rather, they found him guilty of the crime, including finding the requisite *mens rea*, but found him mentally ill. Such a finding does not imply Appellant lacked specific intent. *Taylor v. State* (1982), Ind., 440 N.E.2d 1109, 1111.

II

■ Appellant contends the court's Final Instructions were deficient in that they lacked an instruction on the essential element of specific intent. Appellant relies heavily on our holding in *Smith v. State* (1984), Ind., 459 N.E.2d 355. The instruction there read:

> "You are instructed that the essential elements of the crime of attempted murder which the State of Indiana must prove beyond a reasonable doubt are the following: 1. That the Defendent [sic] knowingly, 2. engaged in conduct that constituted a substantial step toward the commission of Murder."

*Id.* at 357.

The instruction at bar read:

"The crime of attempted murder in part is defined as follows: A person who knowingly or intentionally kills another human being commits murder, a felony. A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit murder is a Class A felony. To convict the defendant of the crime of attempted murder, the State must have proved the following elements: 1. The defendant knowingly or intentionally 2. took a substantial step to accomplish 3. a knowing or intentional killing of Dennis Maze."

The court further instructed the jury on the definitions of "knowingly" and "intentionally."

The differences in these instructions are obvious, and thus, *Smith* is distinguished from the present case. Here, the jury was much more clearly apprised of the element of specific intent. Read as a whole, the instructions in the present case adequately advised the jury of all of the elements of the crime of attempted murder. *Compare Clemons v. State* (1981), Ind., 424 N.E.2d 113, 118.

### III

■ Appellant claims the evidence was insufficient to support the jury's verdict. He specifically argues that the evidence does not support the jury's determination that Appellant possessed the requisite intent to kill Officer Maze. Appellant maintains the evidence at trial was uncontradicted that he was suffering from a mental illness which precluded forming the requisite intent.

The burden of establishing the defense of insanity is on Appellant. Because he failed to establish such at trial, he now appeals a negative judgment, and only where the judgment is contrary to all evidence and hence contrary to law, will we reverse the conviction. Appellant must show the evidence is without conflict and leads to but one conclusion, and that the jury reached an opposite conclusion. *Tabor v. State* (1984), Ind., 461 N.E.2d 118, 124. We will neither weigh the evidence nor judge the credibility of witnesses when asked to review the sufficiency of evidence. Rather, we consider the evidence favorable to the State along with all reasonable inferences therefrom. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937.

Here, Drs. Batacan and Wigutow opined Appellant was insane at the time of the offense. Dr. Periolat could not make any determination on the sanity issue because Appellant had no recollection of the events of the day of the offense. Dr. Berkson did not examine Appellant regarding sanity at the time of the offense. Drs. Berkson, Batacan, and Wigutow all testified Appellant suffered paranoid schizophrenia, testimony upon which Appellant relies heavily. However, Dr. Berkson conceded that paranoid schizophrenia does not equate with insanity, and all three doctors acknowledged that Appellant's being shot and subsequently undergoing surgery could have been sufficiently stressful to cause an acute onset of schizophrenia. There was further expert testimony that Appellant appeared to understand the occurrences of December 13, 1981, and that he made a choice and carried it out. This evidence, coupled with that set out above, is sufficient to sustain the jury's findings.

The trial court is affirmed.

GIVAN, C.J., and SHEPARD, J., concur.

DeBRULER and DICKSON, JJ., concur in result without separate opinions.