**Eric Lamont HILL, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S02–9306–CR–618.

Supreme Court of Indiana.

June 9, 1993.

Robert C. Perry, Steckler Perry & Ryan, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

Eric Lamont Hill (Defendant–Appellant) seeks transfer after the Court of Appeals, in a memorandum decision, affirmed his conviction for attempted murder.[1] *Hill v. State* (December 29, 1992), Ind.App., 49A02–9204–CR–176. In his petition to transfer, Hill challenges the trial court's instruction on attempted murder.

The facts most favorable to the verdict are as follows: Michael Mahone and his cousin were waiting for a ride home. Hill approached them, pointed a gun at Mahone's head and told him to take off his coat. As Mahone started to run, Hill shot Mahone in the back of the leg.

Hill asserts the trial court improperly refused his tendered instruction regarding the intent necessary for an attempted murder conviction. Hill argues that the trial court's instruction on attempted murder was inadequate because it failed to inform the jury that in order to find him guilty of attempted murder, the jury must find that he acted with the specific intent to kill the victim.

The trial court instructed the jury on the attempted murder count as follows:

INSTRUCTION NO. 15

A person attempts to commit a crime when he knowingly or intentionally engages in conduct that constitutes a substantial step toward the commission of the crime.

An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted.

The crime of murder is defined by statute as follows:

A person who knowingly or intentionally kills another human being commits murder.

To convict the defendant of attempted murder, the State must have proved each of the following elements:

The defendant Eric Hill

1. knowingly or intentionally

2. engaged in conduct by shooting a deadly weapon; to-wit at and against the person of Michael Mahone

3. which conduct constitutes a substantial step toward the knowing or intentional killing of another human being.

If the State failed to prove each of the elements beyond a reasonable doubt, the defendant should be found not guilty.

If the State did prove each of the elements beyond a reasonable doubt, then you should find the defendant guilty of attempted murder.

The appellate court found that this instruction was essentially the same as the instructions in *Worley v. State* (1986), Ind., 501 N.E.2d 406, and *Santana v. State* (1986), Ind., 486 N.E.2d 1010, and held that it sufficiently informed the jury as to the elements of attempted murder. We disagree.

In *Spradlin v. State* (1991), Ind., 569 N.E.2d 948, 950, a case decided subsequently to *Worley* and *Santana*, this Court stated:

that an instruction which purports to set forth the elements which must be proven in order to convict of the crime of at-

---

1. *Ind.Code Ann.* §§ 35–42–1–1(1) (murder), 35– 41–5–1(1) (attempt) (West 1986).

tempted murder must inform the jury that the State must prove beyond a reasonable doubt that the defendant, with intent to kill the victim, engaged in conduct which was a substantial step toward such killing.

The requirements set out in *Spradlin* are those which the trial court should apply in instructing a jury, and which we will apply when we review an instruction on attempted murder.

■■■ A defendant is entitled to have the jury instructed correctly on an essential rule of law. *Palmer v. State* (1991), Ind., 573 N.E.2d 880, 880. An error in an instruction will not warrant reversal unless it is of such a nature that the entire charge of which it is a part misled the jury on the law of the case. *Jackson v. State* (1991), Ind., 575 N.E.2d 617, 621. Attempted murder is a specific intent crime and the jury must be so instructed. *Id.* at 948; *Woodcox v. State* (1992), Ind., 591 N.E.2d 1019, 1022; *Price v. State* (1992), Ind., 591 N.E.2d 1027, 1029. Although a person may be convicted of murder upon proof that he acted "knowingly," he may not be convicted of attempted murder without proof that he acted with the intent to kill. The present instruction did not inform the jury that the State must prove that Hill, at the time he shot the victim, intended to kill the victim, but, rather, the instruction permitted the jury to convict on the lesser intent of "knowingly." Because the instruction did not include the proper element of intent, it failed to instruct the jury on an essential element of the crime of attempted murder and was, therefore, erroneous.

Additionally, at trial Hill tendered an instruction regarding specific intent. Hill's tendered instruction stated:

### DEFENDANT'S TENDERED INSTRUCTION NO. 1

You are instructed that Attempted Murder is a specific intent crime. That means the state must specifically prove

beyond a reasonable doubt that Eric Hill acted with the specific intention of committing the crime of murder.

The trial court rejected the instruction because the trial court believed that the court's instructions adequately covered intent. Hill asserts it was improper to refuse the instruction.

■■■ When reviewing the refusal of any tendered instruction, we determine: (1) whether the tendered instruction correctly states the law, (2) whether there was evidence in the record to support the giving of the instruction, and (3) whether the substance of the tendered instruction is covered by other instructions. *Lynch v. State* (1991), Ind., 571 N.E.2d 537, 539.

First, the tendered instruction inartfully [2] but correctly states the law because it properly sets forth the specific intent element of attempted murder. Second, the evidence in the record supports giving the instruction because the jury could reasonably have inferred different conclusions based on the evidence. The evidence at trial revealed that, preceding the shooting, several shots had been fired into the air or into the ground for the apparent purpose of frightening people and that, although the gun was held to Mahone's head, Mahone was shot in the back of the leg while attempting to run away. These facts could lead a reasonable juror to conclude that Hill did not intend to kill Mahone. Finally, the substance of the tendered instruction was not covered by the court's other instructions. In order to convict, Hill's tendered instruction would have required the jury to find that he acted with the specific intent to kill when he fired the gun, but the trial court's instructions did not.

We hold that Hill has met the above three requirements, and that it was reversible error for the trial court to refuse to instruct the jury on the specific intent necessary to commit attempted murder.

---

**2.** We do not approve the use of this instruction by a trial court. The instruction would be correct if, after stating attempted murder is a specific intent crime, it required the State to prove

beyond a reasonable doubt that the defendant acted with the specific intention of killing when he shot the victim.

*Conclusion*

Accordingly, we grant transfer, vacate the opinion of the Court of Appeals, reverse Hill's conviction for attempted murder, and remand this case to the trial court for a new trial on the attempted murder count.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

GIVAN, J., dissents, with separate opinion.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion. I find the majority's analysis of the court's Instruction No. 15 is wholly unacceptable. It is beyond comprehension that any person could read the court's instruction and come to the conclusion that the jury was not required to find that appellant intended to kill the victim when he fired the shot.

The majority goes on to state the circumstance of the shooting, observing that the jury could have found that appellant did not intend to kill the victim when he fired the shot. However, this is not the issue upon which the case is reversed. It was, of course, for the jury to determine the facts as to whether appellant intended to kill the victim. This they did. It is not proper for us to second-guess that prerogative. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670. The majority opinion turns solely on the language of an instruction which I would hold to be entirely proper.

The trial court should be affirmed.