**Lonzo TAYLOR, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 20S03–9307–CR–741.

Supreme Court of Indiana.

July 13, 1993.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Office of Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

In this trial for attempted murder, the court failed to instruct the jury that it must find the defendant intended to kill the victim. The Court of Appeals affirmed, notwithstanding our decision in *Spradlin v. State* (1991), Ind., 569 N.E.2d 948. We grant transfer and reverse.

When applying Indiana's general attempt statute, Ind.Code Ann. § 35–41–5–1 (West 1986), we have emphasized that mere intent to take a certain action is not by itself sufficient to sustain a criminal conviction. The State must also prove that the defendant intended to commit the crime. *See Zickefoose v. State* (1979), 270 Ind. 618, 622, 388 N.E.2d 507, 510.

Nowhere is this two-step intent analysis more essential than when the defendant is charged with attempted murder. The jury must find that when the accused committed the act, he intended to murder the victim. "Although one may be guilty of murder, under our statute, without entertaining a specific intent to kill the victim, he cannot be guilty of attempted murder without entertaining such intent. The attempt must be to effect the proscribed result and not merely to engage in proscribed conduct." *Smith v. State* (1984), Ind., 459 N.E.2d 355, 358.

Justice Prentice succinctly stated this proposition in his dissent to the majority opinion in *Santana v. State* (1986), Ind., 486 N.E.2d 1010, 1012, describing the essential element of attempted murder thusly: "it is the accused's state of mind when he took the 'substantial step' that determines whether or not he attempted the ultimate crime of murder. This is a thing apart from whether he took the 'substantial step' intentionally or merely knowingly."

In an attempted murder case, it is reversible error not to instruct the jury that the defendant must have intended to murder the victim at the time the defendant committed the act alleged to have been a substantial step toward the commission of the crime of murder. This is the teaching of *Spradlin*, in which we said:

Henceforth, we hold that an instruction which purports to set forth the elements which must be proven in order to convict of the crime of attempted murder must inform the jury that the State must prove beyond a reasonable doubt that the defendant, with intent to kill the victim, engaged in conduct which was a substantial step toward such killing.

*Spradlin,* 569 N.E.2d at 950; *see also Hill v. State* (1993), Ind., 615 N.E.2d 97 (Ind. 1993) (applying *Spradlin* ). *Spradlin* effectively overruled *King v. State* (1988), Ind., 517 N.E.2d 383; *Worley v. State* (1986), Ind., 501 N.E.2d 406; *Santana,* 486 N.E.2d 1010; and other prior cases contrary to *Spradlin.*

█ Comes now Lonzo Taylor, who appeals his conviction for attempted murder, arguing that the jury was improperly instructed as to his intent at the time he fired a shotgun at Michael and Clint Brownlee.

The jury should have been informed that the State had to prove beyond a reasonable doubt that Lonzo Taylor intended to kill Michael and Clint Brownlee when he shot them, lest the jury mistakenly presume that acts such as the intentional discharge of a lethal weapon in the direction of another necessarily constitute attempted murder. Failure to so inform the jury constitutes fundamental error, necessitating our reversal of Taylor's conviction regardless of whether the issue was properly preserved by means of an objection at trial.

In the instant case, the trial judge gave the jury the following instruction:

The crime of attempted murder is defined by statute as follows:

A person who knowingly or intentionally kills another human being commits murder, a felony. A person attempts to commit a crime, when, acting with the culpability required for the commission of the crime, he engages in conduct that constitutes a substantial step toward the

commission of the crime. An attempt to commit murder is a Class A felony.

To convict the defendant, the State must have proved beyond a reasonable doubt each of the following elements:

The defendant;

(1) knowingly,

(2) engaged in conduct that was a substantial step towards the accomplishment of the crime of murder by,

(3) knowingly killing another human being, to wit: Michael Brownlee.

If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty of attempted murder.

If the State did prove each of these elements beyond a reasonable doubt, then you should find find [sic] the defendant guilty of attempted murder, a Class A felony. (R. 48).

As the Court of Appeals noted, this instruction closely matches the instructions upheld in *Santana,* 486 N.E.2d at 1011, and *Worley,* 501 N.E.2d at 408. Nevertheless, *Spradlin* enunciated the standard now to be applied, and by this standard the instruction fails.

We do not suggest that a properly instructed jury may not infer a defendant's intent to kill from the way in which he acted.[1] The inference concerning intent must focus on the defendant's mens rea at the time he shot, stabbed, cut, or otherwise committed some act against the victim. Quoting again from *Spradlin,* "in order to attempt to commit a crime, one must intend to commit that crime while taking a substantial step toward the commission of the crime." 569 N.E.2d at 951.

The opinion of the Court of Appeals is vacated. We reverse Taylor's conviction for attempted murder and remand to the trial court for a new trial.

---

1. When evaluating sufficiency of evidence claims, we have repeatedly held that "[t]he necessary intent to commit murder may be inferred from the intentional use of a deadly weapon in a manner likely to cause death." *Zickefoose,* 270 Ind. at 621, 388 N.E.2d at 509 (citing *Jackson v. State* (1978), 267 Ind. 501, 371 N.E.2d 698)). *See also Spivey v. State* (1982), Ind., 436 N.E.2d 61, 63 (notwithstanding defendant's claim he only intended to scare oil station employees whom he robbed at gunpoint, trier of fact could infer intent to kill from defendant's act of discharging his revolver).

DeBRULER, DICKSON and KRAHULIK, JJ., concur.

GIVAN, J., dissents with separate opinion.

GIVAN, Judge, dissenting.

I must respectfully continue to dissent in this type of case. The majority sets out the instruction given by the trial judge. It is incomprehensible to me that any reasonable person could read or hear the instruction without believing that in order to be found guilty the defendant must have intended to kill at the time he committed the overt act.

I would affirm the conviction.