**William L. GREER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 91S00–9404–CR–368.

Supreme Court of Indiana.

Nov. 30, 1994.

Susan K. Carpenter, Public Defender, Gregory L. Lewis, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Jodi Kathryn Rowe, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

A jury found appellant William L. Greer guilty of attempted murder, a class A felony, Ind.Code Ann. § 35–41–5–1 (West Supp. 1994), § 35–42–1–1 (West Supp.1988), and robbery resulting in serious bodily injury to another, a class A felony, Ind.Code Ann. § 35–42–5–1 (West Supp.1994). Greer was sentenced to prison terms of eighty years for the attempted murder and fifty years for the robbery. The sentences are to run consecutively.

Greer asserts that the trial court committed fundamental error in instructing the jury as to the elements of attempted murder. We agree and reverse. Greer's second claim of error is mooted by the decision on his first issue.

## I. Facts

The facts most favorable to the judgment reveal that on May 2, 1988, Greer entered a grocery in Lafayette. He threatened two store employees with a gun and ordered them to put money from the cash register in his bag. Still brandishing a firearm, he directed one of the employees to the back of the store and ordered him to turn over cash from the store safe.

A woman entered the store, observed the robbery, then returned to her car and told her husband. He was an off-duty deputy sheriff. The deputy went into the store, identified himself, and attempted to stop the robbery. At this point, Frank Rance, Greer's co-defendant at trial, entered the store. Both Rance and Greer fired on the deputy, wounding him in the leg. Rance then fled the scene. The deputy returned fire, incapacitating Greer with shots to the neck and chest.

## II. How Was This Instruction Defective?

The trial court judge read the following instruction to the jury during preliminary and final instructions:

There was in effect at the time of the alleged offense an Indiana Law, I.C. 35–42–1–1, which reads, in part, as follows: A person who knowingly or intentionally kills another human being commits murder.

There was also in effect at the time of the alleged offense an Indiana Law, I.C. 35–41–5–1, which reads in part as follows: A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. Attempted Murder is a Class A Felony.

To convict a defendant of Attempted Murder, as alleged in Count I, the State must prove each of the following elements:

The defendant:

1. Knowingly or intentionally

2. Engaged in conduct that constituted a substantial step to accomplish

3. The knowing or intentional killing of another human being, to-wit: Charles Williams.

R. at 115,141.

Although he failed to object at trial, Greer argues that giving this instruction constituted fundamental error because it did not inform the jury that he must have intended to kill the deputy in order to be convicted of attempted murder. Greer draws a parallel between the instruction given in his trial and the one used in *Taylor v. State* (1993), Ind., 616 N.E.2d 748. In *Taylor*, we held that giving an instruction which does not include specific intent to kill the victim as an element

of attempted murder constitutes fundamental error. *Id.* at 748; *see also, Spradlin v. State* (1991), Ind., 569 N.E.2d 948.

The State acknowledges that this Court has held that instructions purporting to set forth the elements of attempted murder must include "specific intent." The State contends, however, that appellant waived this issue because he did not object to the instruction at trial. Alternatively, the State argues that the instructions as a whole sufficiently informed the jury about the requirement of specific intent.

We believed the rule to be well-settled after our decisions in *Taylor* and *Spradlin:* Any instruction that purports to set forth the elements of attempted murder *must* include specific intent. *Taylor,* 616 N.E.2d at 749; *Spradlin,* 569 N.E.2d at 950. Absent inclusion of specific intent as an element of attempted murder, individuals who act without the necessary mens rea could be found guilty of attempted murder. *Taylor,* 616 N.E.2d at 749. Such an instruction strikes squarely against the principles of fairness and due process. *Jackson v. State* (1991), Ind., 575 N.E.2d 617.

The instruction given in the instant case did not inform the jury of the vital "specific intent" requirement. Rather, this instruction allowed the jury to conclude that because appellant "knowingly" fired a gun at another, he "attempted murder." This is directly contrary to a number of prior decisions by this Court. *See, e.g., Zickefoose v. State* (1979), 270 Ind. 618, 388 N.E.2d 507. The State must prove that appellant possessed an intent to kill when taking a "substantial step" toward the crime of murder. *Id.* at 622, 388 N.E.2d at 510. That is, appellant must have intended to kill the deputy when he fired his gun to be convicted of attempted murder. Under the language of the instruction given in this action, the jury could have found appellant guilty of attempted murder by finding the lesser mens rea of "knowingly."[1] Accordingly, we hold in this case as we have previously held in analogous

cases: Error occurred in this trial because the jury was able to convict on the lesser intent of "knowingly." *See Hill v. State* (1993), Ind., 615 N.E.2d 97.

### III. Was This Error Fundamental?

The State argues that even if the instruction was in error, Greer waived this issue when he failed to object at trial. The State is correct that generally the failure to preserve an issue properly for appeal results in waiver. Ind.Crim.Rule 8(B). We will, however, remedy unpreserved errors where our failure to do so would render the trial unfair and violative of due process. *See, e.g., Collins v. State* (1991), Ind., 567 N.E.2d 798. Our case law makes clear that a trial court commits fundamental error when the instructions as a whole fail to inform the jury that the defendant must have intended to kill the victim. *See Hill,* 615 N.E.2d at 97; *Price v. State* (1992), Ind., 591 N.E.2d 1027; *Hurt,* 570 N.E.2d at 18.

While we will review this issue despite the defendant's failure to object, we do differentiate between preserved and unpreserved errors in this context. Where the defendant objects at trial, giving the trial court an opportunity to correct the instruction, an erroneous instruction on the elements of attempt yields an automatic reversal. *Cf. Jackson,* 575 N.E.2d at 620–21 (upholding conviction but stating that "reversible error may have followed had an objection to the instruction been overruled and a tender of a proper instruction been refused"). If, on the other hand, the defendant fails to object, we look to the instructions as a whole to determine if they sufficiently informed the jury of the specific intent requirement for attempt. *See Hurt v. State* (1991), Ind., 570 N.E.2d 16.

In the present case, Greer failed to object at trial so we will examine the instructions as whole. The State contends that the charging information in this case corrected the mistaken instruction. In *Price v. State* (1992), Ind., 591 N.E.2d 1027, we held that an

---

1. In fact, during its closing argument the State repeatedly emphasized that appellant could be found guilty of attempted murder if he knowingly *or* intentionally committed a substantial step toward harming the deputy.

information specifying that the defendant was charged with intending to kill the victim cured the failure of the trial court to instruct on specific intent. In that case, however, the jury instruction merely omitted the specific intent element. The trial court read the statutes for murder, general attempt, and culpability and presented the charging information. It did not forward an inaccurate list of the elements of attempted murder. In the present case, on the other hand, the trial court did incorrectly list the elements for attempted murder. The jury was told explicitly that the defendant could be convicted for taking a substantial step "knowingly" to kill the victim. Neither the information nor any other instruction acted to cure this misinformation.

### IV. Conclusion

Greer's attempted murder conviction is reversed, and this case is remanded for a new trial.

DeBRULER, DICKSON and SULLIVAN, JJ., concur.

GIVAN, J., dissents with separate opinion.

GIVAN, Justice, dissenting.

As in *Spradlin v. State* (1991), Ind., 569 N.E.2d 948 and *Taylor v. State* (1993), Ind., 616 N.E.2d 748, I must continue to dissent in this type of case. Also, I must continue to repeat that the instruction given in this case and quoted in the majority opinion hardly could be interpreted by any person reading it to mean other than the defendant must be found to have intended to kill the victim. The strained and unreasonable interpretation placed upon this type of instruction does nothing more than to cause our already crowded courts to take the time to retry a person who has already been convicted properly.

I would not require a retrial in this case.