**Robert ARTHUR, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–9503–PC–79.

Court of Appeals of Indiana.

Nov. 16, 1995.

Transfer Granted Jan. 24, 1996.

Susan K. Carpenter, Public Defender, Patrick R. Ragains, Special Deputy Public Defender, Anderson, for appellant.

Pamela Carter, Attorney General, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for appellee.

**OPINION**

CHEZEM, Judge.

*Case Summary*

Appellant–Defendant, Robert Arthur ("Arthur"), appeals the denial of his successive petition for post-conviction relief. We reverse and remand.

*Issue*

Arthur presents one issue [1] for review: whether the trial court properly denied his successive petition for post-conviction relief.

*Facts and Procedural History*

Arthur was convicted of attempted murder on July 27, 1984. The supreme court affirmed Arthur's conviction in an opinion reported at *Arthur v. State* (1986), Ind., 499 N.E.2d 746.

Arthur later filed a petition for post-conviction relief in which he alleged that the attempted murder instruction given at his trial did not sufficiently inform the jury that

---

1. Arthur also argues that the post-conviction trial court erred in summarily denying his petition without holding a hearing. However, our disposition of the appeal renders this issue moot.

he must have had a specific intent to kill the victim. The trial court denied his petition, and this court affirmed on appeal. *Arthur v. State* (1992), Ind.App., 603 N.E.2d 907 (mem.). Our supreme court denied transfer.

On March 11, 1994, Arthur petitioned this court, pursuant to Ind.Post–Conviction Rule 1(12), for permission to file a successive petition for post-conviction relief. This court granted his request, wherein Arthur filed his successive petition with the trial court. The trial court summarily denied his petition. Arthur now appeals from that denial.

### Discussion and Decision

■ Arthur's successive petition for post-conviction relief raises the exact same issue that was presented in his first petition: whether the attempted murder instruction given at his trial sufficiently informed the jury that he must have possessed a specific intent to kill the victim. Ordinarily, issues decided adversely to a petitioner in an initial post-conviction proceeding are *res judicata* and may not be subsequently raised in a successive petition. *Harrison v. State* (1992), Ind.App., 585 N.E.2d 662, *trans. denied.* This is, in fact, the State's position in this case.

■ In response to the State's claim of *res judicata,* we believe that this case is of the type contemplated by our post-conviction rules as being appropriate for subsequent consideration:

> Any ground finally adjudicated on the merits ... may not be the basis for a subsequent petition, *unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition.*

Ind.Post–Conviction Rule 1(8) (emphasis added). Because of the unique posture of this case, as will be discussed, we decline to hold that Arthur may not again present this issue for review in his successive petition for post-conviction relief.

Central to this case is our supreme court's evolution of case law concerning what exactly constitutes a sufficient jury instruction in an attempted murder prosecution. In *Zickefoose v. State* (1979), 270 Ind. 618, 388 N.E.2d

507, the supreme court first held that specific intent is a necessary element of the crime of attempted murder. This rule was reiterated in *Smith v. State* (1984), Ind., 459 N.E.2d 355, wherein the court held that the specific intent must be to kill the victim. The court stated:

> Although one may be guilty of murder, under our statute, without entertaining a specific intent to kill the victim, he cannot be guilty of attempted murder without entertaining such intent. The attempt must be to effect the proscribed result and not merely to engage in proscribed conduct.

*Id.* at 358.

After its decision in *Smith,* the supreme court encountered numerous challenges to a variety of attempted murder instructions. In some of these cases, the court attempted to distinguish the challenged instructions from the instruction which the court had found erroneous in *Smith. See e.g., King v. State* (1988), Ind., 517 N.E.2d 383, *Worley v. State* (1986), Ind., 501 N.E.2d 406, and *Santana v. State* (1986), Ind., 486 N.E.2d 1010. In other cases, the court held that the challenged instructions were sufficiently similar to the instruction in *Smith* to require reversal. *See e.g., Jackson v. State* (1989), Ind., 544 N.E.2d 853, and *Abdul–Wadood v. State* (1988), Ind., 521 N.E.2d 1299, *reh. denied.* Thus, a conflict arose between two lines of cases.

In an attempt to resolve the conflict, the supreme court issued its opinion in *Spradlin v. State* (1991), Ind., 569 N.E.2d 948. In *Spradlin,* the court stated:

> Henceforth, we hold that an instruction which purports to set forth the elements which must be proven in order to convict of the crime of attempted murder must inform the jury that the State must prove beyond a reasonable doubt that the defendant, with intent to kill the victim, engaged in conduct which was a substantial step toward such killing.

*Id.* at 950. The court in *Spradlin* cited *King, Santana,* and *Worley,* but did not expressly overrule those decisions.

It was after the *Spradlin* decision that Arthur filed his first post-conviction relief petition. Arthur presented a challenge to

the attempted murder instruction[2] given at his trial. In affirming the trial court's denial of his petition, this court stated:

> Arthur claims the instruction did not sufficiently inform the jury that it must find he had the specific intent to kill before it could convict him of attempted murder, and that the giving of the instruction was fundamental error, citing *Spradlin v. State* (1991), Ind., 569 N.E.2d 948.
>
> However, in both *Worley v. State* (1986), Ind., 501 N.E.2d 406, and *Santana v. State* (1986), Ind., 486 N.E.2d 1010, our supreme court concluded instructions substantially similar to the one given to Arthur's jury were sufficient to communicate the requisite intent. In *Jackson v. State* (1989), Ind., 544 N.E.2d 853, the supreme court made this observation:
>
>> "The instruction given in *Santana* for attempted murder was approved in the following form: '(1) the defendant knowingly or intentionally (2) took a substantial step to accomplish (3) a knowing or intentional killing of another human being.' This instruction advised the jury the defendant had the intention to kill another human being and took a substantial step to accomplish that result."
>
> *Id.* at 854.
>
> As the pertinent portion of the instruction given here is essentially identical to that approved by the supreme court in *Worley* and *Santana*, we conclude the instruction was sufficient to inform the jury as to the elements of attempted murder, and the giving of the instruction was not fundamental error.

*Arthur*, memorandum opinion at 3–4.

Thus, as demonstrated by this court's opinion in *Arthur*, even after *Spradlin* there existed some confusion over the continued validity of *King*, *Worley*, and *Santana*. *See also Taylor v. State* (1993), Ind., 616 N.E.2d 748 (vacating court of appeals opinion that had relied on *Worley* and *Santana*; "*Spradlin* effectively overruled *King v. State* (1988), Ind., 517 N.E.2d 383; *Worley v. State* (1986), Ind., 501 N.E.2d 406; *Santana*, 486 N.E.2d 1010; and other prior cases contrary to *Spradlin*.").

In an attempt to once and for all clarify the status of the law concerning a sufficient instruction on attempted murder, the supreme court issued its opinion in *Simmons v. State* (1994), Ind., 642 N.E.2d 511. In that case, Simmons' direct appeal had been decided during the interim period between the decisions in *Worley* and *Santana*, and *Spradlin*. In acknowledging the continuing confusion that persisted as to what the law was, the supreme court said:

> [W]e might have been more explicit in *Taylor* when we said that *Spradlin* effectively overruled *King*, *Worley*, *Santana*, and other prior cases contrary to *Spradlin*. *Taylor*, 616 N.E.2d at 748. Because none of those cases contrary to *Spradlin* overruled *Smith*, but merely found grounds to distinguish their facts from those in *Smith*, to say that *Spradlin* overruled those cases is to say that they were indistinguishable from *Smith*. Because they were, in fact,

---

**2.** INSTRUCTION NUMBER 15

A PERSON ATTEMPTS TO COMMIT A CRIME WHEN HE KNOWINGLY OR INTENTIONALLY ENGAGES IN CONDUCT THAT CONSTITUTES A SUBSTANTIAL STEP TOWARD THE COMMISSION OF THE CRIME.

AN ATTEMPT TO COMMIT A CRIME IS A FELONY OR MISDEMEANOR OF THE SAME CLASS AS THE CRIME ATTEMPTED.

THE CRIME OF MURDER IS DEFINED BY STATUTE AS FOLLOWS:

A PERSON WHO KNOWINGLY OR INTENTIONALLY KILLS ANOTHER HUMAN BEING COMMITS MURDER.

TO CONVICT THE DEFENDANT OF ATTEMPTED MURDER, THE STATE MUST HAVE PROVED EACH OF THE FOLLOWING ELEMENTS:

1. THE DEFENDANT KNOWINGLY OR INTENTIONALLY
2. ENGAGED IN CONDUCT THAT CONSTITUTES A SUBSTANTIAL STEP TOWARD THE COMMISSION OF
3. THE KNOWING OR INTENTIONAL KILLING OF ANOTHER HUMAN BEING.

IF THE STATE FAILED TO PROVE EACH OF THE ELEMENTS BEYOND A REASONABLE DOUBT, THE DEFENDANT SHOULD BE FOUND NOT GUILTY.

IF THE STATE DID PROVE EACH OF THE ELEMENTS BEYOND A REASONABLE DOUBT, THEN YOU SHOULD FIND THE DEFENDANT GUILTY OF ATTEMPTED MURDER, A CLASS A FELONY.

indistinguishable from *Smith,* we now explicitly recognize that *King, Worley,* and *Santana* were wrongly decided and that the rule of *Smith,* reiterated in *Spradlin,* should have controlled the decisions in those cases.

Similarly, the rule of *Smith* controls in this case. The instruction challenged by Simmons did not inform the jury that "the act must have been done with the specific intent to kill." *Smith,* 459 N.E.2d at 358.

*Simmons,* 642 N.E.2d at 513.

Thus, the supreme court's decision in *Simmons* was that the law concerning the specific intent requirement was and had been established by *Smith,* and that any cases that were later decided contrary to that decision were in fact wrongly decided.

The holding of *Simmons* dictates that we reverse the trial court here. The denial of Arthur's first petition for post-conviction relief was affirmed by this court, relying on *Worley* and *Santana.* As those cases were wrongly decided, so was *Arthur v. State* (1984), Ind.App., 603 N.E.2d 907 (mem.).[3]

■ The giving of a virtually similar attempted murder instruction to that given in this case has been held by our supreme court to constitute fundamental error. *See Beasley v. State* (1994), Ind., 643 N.E.2d 346 (while jury instructions are usually evaluated as a whole, where an incorrect mens rea is included in an attempted murder instruction the error cannot be cured by another instruction). *See also Greer v. State* (1994), Ind., 643 N.E.2d 324.

Accordingly, we reverse the post-conviction trial court, grant Arthur's petition for post-conviction relief, and remand for a new trial.

Reversed and remanded.

RILEY and KIRSCH, JJ., concur.

---

**3.** The instruction given in *Arthur* was "essentially identical" to those given in *Worley* and *Santana.*

*Arthur,* memorandum opinion at 4.