**Robert ARTHUR, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 49S04–9601–PC–00082.

Supreme Court of Indiana.

March 22, 1996.

Susan K. Carpenter, Public Defender, Indianapolis, Patrick R. Ragains, Special Deputy Public Defender, Anderson, for appellant.

Pamela Carter, Attorney General, Cynthia L. Ploughe, Deputy Attorney General, Office of the Attorney General, Indianapolis, for appellee.

ON PETITION TO TRANSFER

SELBY, Justice.

On July 27, 1984, Robert Arthur was convicted of attempted murder and of being an habitual offender. He was sentenced to a total of eighty (80) years. This case comes to us on a successive Petition for Post–Conviction Relief. The sole issue before us is whether principles of res judicata bar subsequent review of an issue presented on a prior appeal. We find that res judicata does prevent review, and we affirm the trial court's denial of the petition.

## PROCEDURAL HISTORY

Robert Arthur ("defendant") was convicted of attempted murder in 1984. On direct appeal, this Court affirmed the conviction, finding, *inter alia*, that there was sufficient evidence to establish that the defendant had

taken a substantial step toward murdering the victim and to show that he had the requisite intent to kill the victim. *Arthur v. State,* 499 N.E.2d 746 (Ind.1986).

In 1992, defendant filed his first Petition for Post–Conviction Relief. Along with several other issues, defendant raised the issue of the adequacy of the jury instructions for attempted murder. In a memorandum decision, the Court of Appeals affirmed the trial court's denial of the petition. Although *Spradlin v. State,* 569 N.E.2d 948 (Ind.1991), had been decided prior to this petition, the Court of Appeals held that the instruction did not constitute fundamental error because "the pertinent portion of the instruction given here is essentially identical to that approved by the supreme court in *Worley* and *Santana.*"[1] We denied transfer.

In 1994, defendant renewed his attack on the adequacy of his attempted murder jury instructions by filing this successive Petition for Post–Conviction Relief. This time, the Court of Appeals reversed the trial court's denial of the petition and remanded for a new trial, finding that res judicata did not prohibit review and holding that its previous decision had been erroneous. *Arthur v. State,* 657 N.E.2d 435 (Ind.Ct.App.1995). We grant the State's petition for transfer. IND.APPELLATE RULE 11(B).

## DISCUSSION

■ The sole issue before us is whether defendant's successive Petition for Post–Conviction Relief is barred by res judicata. An issue which previously has been raised and determined adverse to the appellant's position is res judicata. *See, e.g., Grey v. State,* 553 N.E.2d 1196 (Ind.1990). Additionally, IND.POST-CONVICTION RULE 1(8) requires that all grounds for relief be raised in the original petition, and such grounds may not be the basis for a subsequent petition.

■ Defendant argues that res judicata is not always a bar to relief, and should not be

a bar where the prior decision was erroneous. Indeed, this court has held that despite claims of res judicata, a court may correct an error in its prior holding. *State v. Huffman,* 643 N.E.2d 899 (Ind.1994). However, finality is an important goal of the judicial system. *Id.* at 901. Although a court may revisit a prior decision, it "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work manifest injustice.'" *State v. Lewis,* 543 N.E.2d 1116 (Ind. 1989) (quoting *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 817, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811, 831 (1988)).

■ At the time of the first Court of Appeals decision, this court had decided *Spradlin* but had not expressly overruled *Worley* and *Santana.* Thus, some confusion remained on the standard for attempted murder jury instructions. Although we have since clarified the case law regarding such instructions, *Taylor v. State,* 616 N.E.2d 748 (Ind.1993), new rules of criminal procedure are generally not available on collateral review, *Daniels v. State,* 561 N.E.2d 487 (1990). Therefore, we do not find the memorandum decision to be clearly erroneous. Furthermore, in the direct appeal, this court found that there was sufficient evidence to find intent to kill.[2] In this case, by choosing finality we are in no way sacrificing fairness.

■ The Court of Appeals also looked to P–C.R. 1(8) and noted that: "Any ground finally adjudicated on the merits ... may not be the basis for a subsequent petition, *unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition.*" *Arthur,* 657 N.E.2d 435 (alterations in original). The Court of Appeals then stated that this was the type of case contemplated by this rule. We disagree. This rule is not inconsistent with res judicata. Rather, it exists for those cases in which an issue was

---

1. *Worley v. State,* 501 N.E.2d 406 (Ind.1986); *Santana v. State,* 486 N.E.2d 1010 (Ind.1986).

2. The facts of the case included the following:
   While [the victim] was in the phone booth talking on the phone, Appellant stabbed him in the chest with a knife. Appellant continued to stab at [the victim] as he tried to close the phone booth door to protect himself. Even

after [the victim] had the door closed, Appellant continued striking at the glass with his knife.
*Arthur,* 499 N.E.2d at 747. "[W]e find there was sufficient evidence on each material element of the crime of attempted murder to support Appellant's conviction." *Id.* at 748.

unascertainable or unavailable at the time of the original post-conviction petition. *See Babbs v. State*, 621 N.E.2d 326 (Ind.Ct.App. 1993). In this case, the sole issue raised in this successive Petition for Post–Conviction Relief, the adequacy of the jury instructions for attempted murder, had been adequately raised and fully litigated in the first Petition for Post–Conviction Relief. Thus, P–C.R. 1(8) does not provide the defendant with a basis for a successive Petition for Post–Conviction Relief.

## CONCLUSION

The trial court's denial of defendant's successive Petition for Post–Conviction Relief is affirmed.

SHEPARD, C.J., and DICKSON and SULLIVAN, JJ. concur.

DeBRULER, J. dissents with separate opinion.

DeBRULER, Justice, dissenting.

The trial court held a hearing on the petition for post-conviction relief and entered judgment for the State. The court judged that the attempted murder instruction correctly stated the law and did not consider the State's defenses of res judicata, or finality, and laches. The trial court based its judgment on the fact that the attempted murder instruction was essentially the same as instructions approved in *Santana v. State* and *Worley v. State*. See *Santana v. State*, Ind., 486 N.E.2d 1010 (1986); *Worley v. State*, Ind., 501 N.E.2d 406 (1986). As the trial court concluded, the instructions in *Santana, Worley*, and the case at bar are essentially the same: they all required the State to prove the defendant knowingly or intentionally took a substantial step toward a knowing or intentional killing.

The instruction in *Spradlin v. State* was distinctly different, however. Unlike the *Santana* and *Worley* instructions, it was of the "murder" genre. It said that the State was required to prove that a knowing or intentional step was taken toward "murder" rather than a "killing." *Spradlin v. State*, Ind., 569 N.E.2d 948 (1991). Indeed, this Court expressly noted that distinction in *Spradlin. Id.* at 951. In my view, *Spradlin* should mainly be recognized for its expres-

sion of this Court's firm resolve to require instructions to employ plain "intent to kill" statements, and not for directly confronting the language in *Santana* and *Worley*.

It should now be noted that *Santana* and *Worley* were first directly condemned in *Taylor v. State*, Ind., 616 N.E.2d 748 (1993). Like *Santana, Worley*, and *Spradlin, Taylor* was a direct appeal. *Taylor* was not decided until a year after appellant's appeal from the denial of his first post-conviction petition was concluded and the trial court's judgment denying him post-conviction relief upon his second post-conviction petition had been rendered. Additionally, it was even later in 1994 that *Spradlin* was applied in a post-conviction proceeding. See *Simmons v. State*, Ind., 642 N.E.2d 511 (1994). In conclusion, I would say that *Taylor* and *Simmons* mark a change in the law after the denial of appellant's original post-conviction petition, one favorable to appellant's ground for relief urged in his original petition. He has heretofore diligently presented that claim in the courts. In consideration of the due administration of justice and in light of the new direction of *Taylor* and *Simmons*, I cannot say that representment of the same claim should now be barred by the prior post-conviction judgment.