116 F.3d 1482
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Otis R. JONES, Petitioner-Appellant,
v.
Craig HANKS, Respondent-Appellee.
 No. 94-CV-765.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 23, 1997.*
Decided June 24, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 94-CV-765; Allen Sharp, Judge.
 Before POSNER, CUMMINGS, and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Otis R. Jones was convicted by a jury of murder in violation of Indiana Code § 35-42-1-1(1) and sentenced to 40 years' imprisonment. In this appeal, Jones challenges the dismissal of his second petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The district court dismissed with prejudice all of Jones's substantive claims under the doctrine of abuse of the writ, except for a claim of inordinate delay in state post-conviction proceedings. After the parties submitted briefs on the inordinate delay issue the district court denied Jones's petition.[1] We affirm.
 
 
 2
 We conduct a plenary review of a district court's denial of a petition for writ of habeas corpus. Lord v. Duckworth, 29 F.3d 1216, 1219 (7th Cir.1994) (citing United States ex rel. Partee v. Lane, 926 F.2d 694, 700 (7th Cir.1991), cert. denied, 502 U.S. 1116 (1992)). The "abuse of the writ" doctrine stems from Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Under this doctrine claims raised for the first time in a subsequent federal habeas corpus petition may be dismissed unless the petitioner is able to show cause and prejudice, or make a colorable claim of actual innocence, to excuse the abusive filing. See Gomez v. United States District Court, 503 U.S. 653 (1992); McCleskey v. Zant, 499 U.S. 467 (1991). The "abuse of the writ doctrine" has been replaced by amendments to 28 U.S.C. § 2244(b), enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, tit. I, § 106, 110 Stat. 1214. See Benton v. Washington, 106 F.3d 162 (7th Cir.1996). However, the Supreme Court very recently stated in Lindh v. Murphy, No. 96-6298, 1997 WL 338568 (U.S. June 23, 1997), that the new section of the statute dealing with petitions for habeas corpus does not govern noncapital cases that were already pending when the act was passed. Therefore, the prior § 2244(b) standard is applicable for the review of this case.
 
 
 3
 Jones's first petition was dismissed on the merits since the district court concluded that there was no constitutional basis for granting the petition (Appellant's Br, Appendix B, District Court Order in No. S 90-605), and we affirmed finding that Jones had procedurally defaulted and stating that "the petition is so completely devoid of merit that a remand would be superfluous." Jones v. Duckworth, 958 F.2d 374 (7th Cir.1992).
 
 
 4
 Jones is not entitled to habeas corpus relief pursuant to the former habeas standard because he failed to show the requisite cause and prejudice for failing to raise his current claims in his prior petition. For cause to exist, the petitioner must show that some external impediment, prevented him from raising the claim in the first petition. McCleskey, 499 U.S. at 498. Jones asserts that the reason he did not raise his current claims in his first petition is that he received ineffective assistance of trial and appellate counsel. However, "[t]his argument completely misses the mark.... There is no logical causal connection between [Jones's] attorneys' failure to raise these arguments on direct appeal and [Jones's] failure to raise them in his first petition where he was proceeding pro se." Montgomery v. Meloy, 90 F.3d 1200, 1204-5 (7th Cir.), cert. denied, 117 S.Ct. 266 (1996). As Jones has failed to show cause, we need not examine the question of prejudice because both prongs must be satisfied by a petitioner. Smith v. Murray, 477 U.S. 527, 533 (1986). Additionally, "delay in receiving a ruling on a discretionary state collateral appeal is not a ground for federal habeas corpus relief" Montgomery, 90 F.3d at 1206.
 
 
 5
 Jones is also not entitled to relief under the actual innocence or miscarriage of justice exception because he failed to "show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent." ' Schlup v. Delo, 115 S.Ct. 851, 867 (1995) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. Jones asserts that he is actually innocent and that his due process rights were violated because his conviction was based on jury instructions that omitted the essential element of intent. Jones's argument is based on the incorrect belief that the jury had to be instructed on "intent to kill" and that a finding that he "knowingly" committed murder is insufficient. See Francis v. Franklin, 471 U.S. 307, 313 (1985) (due process requires state to prove every essential element of a crime). "Although a person may be convicted of murder upon proof that he acted 'knowingly,' he may not be convicted of attempted murder without proof that he acted with the intent to kill." Hill v. State, 615 N.E.2d 97, 99 (Ind.1993). Jones fails to show that he is factually, as opposed to legally, innocent of the crime for which he was convicted and therefore is also not entitled to have a federal court entertain his second petition under the actual innocence or miscarriage of justice exception. Montgomery, 90 F.3d at 1205. Additionally, Jones's request to certify questions of state law is denied because the questions will not control the outcome of this case. Circuit Rule 52.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The district court requested briefing on this issue because the parties disputed whether any post-conviction proceedings took place and the record was less than clear on this matter. The district court determined that Jones filed a post-conviction petition which was subsequently dismissed. Therefore, the court concluded that there was not inordinate delay in the post-conviction court. (Appellant's Br., App., Ex. F.) The court clearly noted, however, that "[t]he reasoning for this court's order to brief the [inordinate delay] issue was not to allow Jones a second attempt at the merits, for he has clearly abused the writ." (Id.)