**Jose F. PACHECO, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 3–882A220.**

Court of Appeals of Indiana,
Third District.

Jan. 27, 1983.

John F. Surbeck, Jr., Deputy Public Defender, Fort Wayne, for defendant-appellant.

Linley E. Pearson, Atty. Gen. of Ind., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

Appellant Pacheco was tried by the court and was convicted of attempted battery of a police officer, a Class D felony. He was given a two year suspended sentence. His appeal challenges the sufficiency of the evidence to establish the necessary intent for battery.

The events in question occurred on New Year's Eve and the early hours of New Year's Day, 1982. Pacheco apparently became very depressed over news that he was being deported. He took a .22 rifle into the back yard of the house where he was living and threatened suicide. The police were summoned and then there followed a period when Pacheco fired the rifle into the air, into rooms in the house, and through windows. At one point he fired three times through the door. These shots narrowly missed Police Officer Reinbold and were the foundation for the charge.

Pacheco argues that while he was clearly guilty of conduct amounting to criminal recklessness, there was insufficient evidence from which the court could have concluded that he had the necessary intent to commit battery. See IC 35–41–5–1 [attempt], IC 35–42–2–1 [battery], and IC 35–41–2–2 [defining intentionally and knowingly]. We disagree.

There was evidence that Pacheco had earlier pointed the rifle at police officers in the house, had directed them to give him their guns and had threatened to shoot them if they did not. At one point he threatened to shoot his friend Claussen if Claussen came any closer to him. There was evidence that Officer Reinbold was visible to Pacheco when the three shots were fired. He heard the bullets whiz by him. They were apparently fired at body heighth through the upper half of the storm door. These facts together with the inference generally available from the use of a deadly weapon in a manner likely to cause death, *Hemphill v. State* (1979), Ind., 387 N.E.2d 1324, are sufficient to establish that Pacheco intended to shoot Reinbold or was, at least, aware of a

high probability that by so shooting, one of the bullets would strike the officer. Under the statutes already cited, that was sufficient.

Affirmed.

HOFFMAN, P.J., and STATON, J., concur.