**Christy H. MILLER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 25A03–9201–CR–2.**

Court of Appeals of Indiana, Third District.

May 11, 1992.

Transfer Denied June 24, 1992.

Frederick E. Rakestraw, Rochester, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Christy H. Miller appeals his convictions for attempted kidnapping, a Class A felony; criminal confinement, a Class B felony; and attempted criminal confinement, a Class B felony. Miller was sentenced to concurrent terms of imprisonment totaling 30 years.

The evidence relevant to the appeal discloses that on June 5, 1991, Miller approached B.B. in a parking lot. B.B. was seated in her vehicle and was about to drive out of the parking lot when Miller asked her for directions to Argos, Indiana. Although B.B. was apprehensive, she gave Miller directions. Miller then asked B.B. to take him to Argos. While standing approximately three feet from B.B.'s car, Miller repeated the request. B.B. had been looking at Miller's face; however, she looked down and noticed that Miller was pointing a gun at her head.

B.B. reached out and pushed the gun to determine if it was real. The gun was black and heavy and appeared to be real. B.B. became frightened.

Miller told B.B. to unlock the passenger door, to get out of the car and to open the passenger door. While Miller was still aiming the gun at her, B.B. unlocked the passenger door, turned off the engine and exited the vehicle. As B.B. walked to the passenger side of the car, Miller followed.

Miller pointed the gun at B.B.'s chest. Miller demanded that B.B. open the door and enter the car. B.B. refused stating, "No, you get in." Miller repeated the command. B.B. threatened to scream. When another car approached, Miller fled.

Four days after the incident, with consent of the owners, police searched the home at which Miller lived and the car which Miller drove. Police discovered a pair of "bike" shorts belonging to Miller which were similar to those worn by Miller on the night of the incident. Also, under the seat of the car, the police found a black pellet gun which matched the description of the gun used by Miller on the night of the incident.

After a trial by jury, Miller was convicted of the three charges noted above. Miller was sentenced to the presumptive 30-year term of imprisonment for attempted kidnapping. Additionally, Miller was sentenced to a 10-year term of imprisonment for each of the other two counts: confinement and attempted confinement. The sentences were ordered to be served concurrently.

Miller raises two issues for review:

(1) whether the trial court erred in entering judgments of conviction for confinement and attempted confinement where the charging instrument made no distinction between the factual basis underlying each count; and

(2) whether a charging document alleging attempted kidnapping properly states a crime.

■ The State concedes that Miller could not properly be convicted and sentenced for both confinement and attempted confinement based upon the same conduct. "Two offenses are the same for the purpose of double jeopardy when the same act constitutes a violation of two distinct statutory provisions which do not require proof of an additional fact." *Wethington v. State* (1990), Ind., 560 N.E.2d 496, 506, *citing Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. Also, a " 'double jeopardy analysis does not end with an evaluation and comparison of the statutory provisions. [Rather,] the factual bases alleged by the State in the information or indictment and upon which the charges are predicated must also be examined.' [Citation omitted]." *Wethington* at 506–507.

Here, the charging information for Count II, criminal confinement, and Count III, attempted criminal confinement, alleges the same wrongful conduct. Miller and the State correctly assert that only one conviction can stand.

■ Miller held a gun aimed at B.B. and demanded that she drive him to Argos, Indiana. While still aiming the gun at B.B., Miller commanded her to unlock the car door, exit the vehicle and open the door. He then ordered her to enter the car. The evidence supports a conviction for criminal confinement. *See Kelly v. State* (1989), Ind., 535 N.E.2d 140, 141 ("term 'confine' means to substantially interfere with the liberty of another person"). Because Miller's actions substantially interfered with B.B.'s liberty, the acts constitute confinement. Thus, the conviction for attempted criminal confinement is vacated.

■ Next, Miller contends that the conviction for attempted kidnapping must be vacated because no such crime exists. The information states, in pertinent part:

"On or about June 5, 1991, ... Christy H. Miller did attempt to commit the crime of kidnapping by knowingly confining [B.B.] while attempting to hijack her vehicle by holding her at gun point and demanding that she drive him to Argos, Indiana, which conduct constituted a substantial step toward the commission of the crime of kidnapping, to-wit: to knowingly confine another person while hijacking a vehicle."

The kidnapping statute provides, in part:
"(a) A person who knowingly or intentionally confines another person: ...

(2) while hijacking a vehicle; ... commits kidnapping, a Class A felony."

IND. CODE § 35–42–3–2 (1988 Ed.). The attempt statute states, in relevant part:

"(a) A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted...."

IND. CODE § 35–41–5–1 (1988 Ed.).

Miller relies upon cases which have held that one cannot attempt a crime which does not require the culpability of specific intent. Miller contends that the portion of the kidnapping statute under which he was charged does not require specific intent and will not support a conviction for attempting the crime. *Cf. Wells v. State* (1990), Ind. App., 555 N.E.2d 1366, 1369, 1370 (discussing degrees of culpability and intent required to support attempt charge). Miller is mistaken.

The statute explicitly requires intentional or knowing conduct. Additionally, the charging instrument, as well as the evidence, supports a finding that Miller intended to kidnap B.B. while hijacking her vehicle.

■ Without citation to authority, and in general terms, Miller also complains of the wording of the charging information and that the court's instructions to the jury on the elements of attempted kidnapping were too general. The charging information adequately apprised Miller of the charge. *Smith v. State* (1984), Ind., 465 N.E.2d 702, 704. The instructions regarding the elements of attempted kidnapping were correct statements of the law. Miller's failure to object to the instructions or tender other proper instructions forecloses further review. *Jones v. State* (1989), Ind., 536 N.E.2d 267, 272; *Nichols v. State* (1989), Ind.App., 542 N.E.2d 572, 576.

Accordingly, the judgment of conviction as to attempted criminal confinement is vacated, and the cause is remanded for correction of the judgment and sentence as to the attempted criminal confinement. The convictions for criminal confinement and attempted kidnapping are affirmed.

Reversed and remanded in part, and affirmed in part.

STATON, and BUCHANAN, JJ., concur.