Walter William **RICHESON,**
Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 45A05–9508–CR–310.

Court of Appeals of Indiana.

Sept. 5, 1997.

Transfer Granted Oct. 29, 1997.

Charles Stewart, Crown Point, for appellant–defendant.

Pamela Carter, Attorney General, James Dimitri, Deputy Attorney General, Indianapolis, for appellee–plaintiff.

## OPINION

KIRSCH, Judge.

Walter William Richeson was convicted of attempted battery,[1] a Class C felony and criminal recklessness,[2] a class D felony. He appeals his attempted battery conviction, raising two issues; we add a third *sua sponte:*

I.   Whether the trial court properly instructed the jury regarding the elements of attempted battery.

II.   Whether there is sufficient evidence to sustain Richeson's conviction.

We reverse.

### FACTS AND PROCEDURAL HISTORY

Late on a November night in 1993, Richeson and two other men were complaining to each other about a drive-by shooting they experienced the month before. The men were convinced that Michael Foster had been involved in the shooting, and they decided to retaliate. Armed with assault rifles, they

---

1.  *See* IC 35–42–2–1 (battery); IC 35–41–5–1 (general attempt).

2.  *See* IC 35–42–2–2(b).

climbed into a car and drove to Foster's home. They drove past the home once, then drove back and opened fire. Inside, Michael Foster and his parents dived for cover while armor-piercing bullets barraged their home. When the shooting stopped, none of the family had been hit.

Richeson admitted to the police that he had fired at the house while riding in a car driven by one of his companions. The State charged Richeson with attempted murder and criminal recklessness and proceeded to trial. After the close of the evidence, the court instructed the jury on the charges and on attempted battery as a lesser included offense of attempted murder. The jury found Richeson guilty of criminal recklessness and of attempted battery against Michael Foster. Richeson appeals only the attempted battery conviction.

## DISCUSSION AND DECISION

### I. Attempted Battery Instruction

The trial court gave the following instruction defining the elements of attempted battery:

"To convict the defendant of the lesser offense of Attempted Battery, as to Cts I, II & III, the State must have proved each of the following elements:

The defendant:

1. knowingly or intentionally;

2. took a substantial step to accomplish

3. the touching of another person as named in the particular charge, in a rude, insolent or angry manner;

4. and that the act was committed by means of a deadly weapon."

*Record* at 84, Jury Instruction No. 7. Richeson objected to this instruction; the trial court overruled the objection. Richeson argues that the trial court erred in giving the instruction, pointing out that our supreme court invalidated a similar jury instruction defining attempted murder in *Spradlin v. State*, 569 N.E.2d 948 (Ind.1991). Richeson maintains that attempted murder and attempted battery are both "specific intent" crimes, and that as such an instruction concerning attempted battery must mirror the

requisite instruction for attempted murder. He argues that the instruction in this case failed to specify that to be guilty of attempted battery, Richeson must have intended to hit Foster when he fired at Foster's home.

The State counters that the *Spradlin* decision applies only to attempted murder cases, and argues that the instruction at issue correctly reflects the Indiana statutes that define attempt and battery. According to the State, an attempt instruction is correct if it informs the jury of the requisite culpability for the underlying crime. Here, the culpability for the underlying crime, battery, is knowingly or intentionally. IC 35–42–2–1. The State reasons that the disputed instruction properly informed the jury that they could find Richeson guilty of attempted battery if they found he acted intentionally *or* knowingly.

The parties' arguments present a question of first impression: whether the *Spradlin* decision extends to instructions defining the elements of attempted battery. Resolution of this question requires a review of the attempt statute and the *Spradlin* decision.

Indiana's attempt statute reads:

"A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime."

IC 35–41–5–1. To formulate an elements instruction for an attempt crime, some courts have combined the attempt statute with the statute defining the underlying crime. The combination yields an instruction like the one at issue in this case—the jury is instructed that the defendant commits attempt by knowingly or intentionally taking a substantial step toward committing the underlying crime.

In *Spradlin v. State*, 569 N.E.2d 948 (Ind. 1991), our supreme court rejected such an instruction. That instruction read as follows:

"To convict the defendants, the State must have proved each of the following elements:

The defendants

1. knowingly or intentionally

2. strike, stab and cut [sic] the body of [the victim]

3. that the conduct was a substantial step toward the commission of the crime of murder."

569 N.E.2d at 950. In reviewing this instruction, the *Spradlin* court first cited Justice Hunter's "excellent analysis" of the then-new attempt statute. *Spradlin*, 569 N.E.2d at 949 (citing *Zickefoose v. State*, 270 Ind. 618, 388 N.E.2d 507 (1979)). Justice Hunter had explained that the attempt statute incorporates two elements: "[f]irst, the defendant must have been acting with a *specific intent* to commit the crime, and second, he must have engaged in an overt act which constitutes a substantial step toward the commission of the crime." *Spradlin*, 569 N.E.2d at 949 (quoting *Zickefoose*, 270 Ind. at 622, 388 N.E.2d at 510). The *Spradlin* court then noted that it had previously reversed other attempted murder convictions because the elements instructions failed to specify the requisite intent. *Spradlin*, 569 N.E.2d at 949 (citing *Smith v. State*, 459 N.E.2d 355 (Ind.1984)).

After reviewing *Zickefoose*, the supreme court announced a rule governing elements instructions for attempted murder. The court stated that the instruction "must inform the jury that the State must prove beyond a reasonable doubt that the defendant, *with intent to kill the victim*, engaged in conduct which was a substantial step toward such killing." 569 N.E.2d at 950 (emphasis added). The *Spradlin* holding has been initially problematic in application. *See Swallows v. State*, 674 N.E.2d 1317 (Ind. 1996) (reversal not required on post-conviction relief under certain conditions); *Jackson v. State*, 575 N.E.2d 617 (Ind.1991) (reversal not required if instruction required proof of attempt to kill and central issue at trial is defendant's identity, not intent). In any event, however, *Spradlin* is now an established rule of law for attempted murder cases on direct appeal, requiring reversal if the instructions fail to specify the element of intent to kill. *Clark v. State*, 668 N.E.2d 1206 (Ind.1996), *cert. denied*, — U.S. —, 117 S.Ct. 1438, 137 L.Ed.2d 545 (1997); *Greer v. State*, 643 N.E.2d 324 (Ind.1994);

*Taylor v. State*, 616 N.E.2d 748 (Ind.1993); *Hill v. State*, 615 N.E.2d 97 (Ind.1993)

Application of the *Spradlin* holding remains problematic for crimes other than attempted murder, in part because of imprecise use of the term "specific intent." Richeson argues that battery is a specific intent crime and that as such attempted battery requires proof of specific intent. The definition of specific intent, however, is unclear. Our courts have stated that the attempt statute is applicable only to "specific intent" crimes, but have left "specific intent" undefined. *See Tunstall v. State*, 451 N.E.2d 1077 (Ind.1983); *Humes v. State*, 426 N.E.2d 379 (Ind.1981); *Zickefoose v. State*, 270 Ind. 618, 388 N.E.2d 507 (1979). As such, confusion has arisen as to identifying the crimes that involve "specific intent."

Our supreme court attempted to resolve the confusion in *Henderson v. State*, 534 N.E.2d 1105 (Ind.1989). The issue in *Henderson* was whether attempted battery is a valid and cognizable offense. The defendant argued that attempted battery is not a cognizable offense, citing case law which stated that battery is not a "specific intent" crime. The *Henderson* court rejected the defendant's argument, but acknowledged the confusion concerning the term "specific intent." The court explained that although the term had at least four distinct meanings, our courts had used "specific intent" to "exclude application of the attempt statute to crimes requiring 'recklessly' as the prerequisite culpability." *Id.* at 1107–08. The *Henderson* court held that attempted battery is a cognizable offense in Indiana. That holding, however, did not clarify whether "specific intent" is a required element in an attempted battery instruction.

The Indiana pattern jury instructions suggest that the specific intent concept is required for *all* attempt instructions. The relevant pattern instruction reads:

"To convict the defendant of attempted [*name object crime*] the State must have proved each of the following elements:
The Defendant

1. acting with the specific intent to commit [*name object crime*] by [*set out elements of object crime as charged*]

2. did [*set out conduct charged as substantial step* ]

3. which was conduct constituting a substantial step toward the commission of the intended crime of [*name object crime* ]."

INDIANA PATTERN JURY INSTRUCTIONS–CRIMINAL, Instruction No. 2.01 (1995 Supp.). The comments to the pattern instruction state:

"It has been held that the offense of attempted murder has 'a required element of specific intent to kill.' *See, e.g., Simmons v. State*, 642 N.E.2d 511 (Ind.1994). While it is not clear that the phrase 'specific intent to kill' is essential, this instruction assumes that it is. *The requirement of a 'specific intent' element logically has to apply to all attempted crimes, not just to attempted murders.*

Cases such as *Simmons* suggest that 'knowingly' cannot be a sufficient culpability element for an attempted crime. If it is not, then the Committee suggests an instruction be given like the one immediately below, to emphasize the point:

Specific intent for attempted murder is intent to achieve death, rather than intent to engage in conduct which carries with it a risk of death."

*Id.*, Comment to Instruction No. 2.01 (emphasis added). In addition to referencing "specific intent," the comment demonstrates that the law concerning attempt instructions is still unsettled as to whether "knowingly" is a sufficient culpability for an attempt crime, i.e., whether the *Spradlin* rule applies to all attempt crimes.

In the *Spradlin* opinion itself, however, the court indicated that its holding would have broad applicability: "[w]e hold that, by definition, there can be no 'attempt' to perform

an act unless there is a simultaneous 'intent' to commit such act. Simply stated, in order to attempt to commit a crime, one must intend to commit that crime while taking a substantial step toward the commission of the crime." *Spradlin*, 569 N.E.2d at 951. Two years after *Spradlin*, the court made another definitive statement about the breadth of the *Spradlin* rule. In *Taylor v. State*, 616 N.E.2d 748 (Ind.1993), the court explained that *Spradlin* instituted a two-step analysis for attempt crimes: first that the defendant intended to commit the underlying crime, and second that the defendant's conduct was an attempt to commit that crime. The court wrote:

"When applying Indiana's general attempt statute . . . we have emphasized that mere intent to take a certain action is not by itself sufficient to sustain a criminal conviction. The State must also prove that the defendant intended to commit the crime."

*Id.* at 748. The supreme court's broad language supports Richeson's argument that the *Spradlin* rule applies to attempted battery.

■ In addition to the supreme court's broad language in the *Spradlin* line of cases, we find a second basis for applying the *Spradlin* rule to attempted battery instructions: there is no logical distinction between elements instructions for attempted battery and attempted murder.[3] Just as the jury in an attempted murder trial must be informed of the requisite element of intent to kill, the jury in an attempted battery trial must be informed of the requisite element of intent to touch (or batter). The attempted battery instruction given in Richeson's trial did not specify that the jury must find Richeson intended his shots to hit Foster. Consequently, the instruction was erroneous.

---

**3.** At the same time, we note the logical flaws in extending the *Spradlin* rule. The rule creates a paradox in the proof requirements: the culpability for murder is broader than the culpability for attempted murder. If the victim dies, the defendant may be convicted of murder upon proof that he acted knowingly, but if the victim survives, the defendant may be convicted of attempted murder only upon proof that he intended to kill. This dichotomy allows two defendants who engage in identical conduct to receive opposite treatment by the justice system, depending solely upon whether their victims survive. *See Spradlin*

*v. State*, 569 N.E.2d at 952 (Givan, J., dissenting); *see also* MODEL PENAL CODE § 5.01, Introduction (Official Draft and Revised Comments 1985). Further examination of the *Spradlin* rule could yield a refinement that would allow preventive law enforcement and would provide uniformity in prosecution without sacrificing the necessary protection of the rights of the accused. Such a refinement could clarify that for attempt crimes, as for other crimes, proof of intent to commit the crime should turn on statutorily defined culpability rather than on a separate notion of "specific" intent.

The State argues that the supreme court upheld an attempted battery conviction without proof of intent to batter in *Matthews v. State*, 476 N.E.2d 847 (Ind.1985). In *Matthews*, the court listed the elements of attempted battery with a deadly weapon as:

"1. the commission of a substantial step toward

2. knowingly or intentionally

3. touching another person

4. in a rude, insolent or angry manner

5. by means of a deadly weapon."

476 N.E.2d at 849. Although this list indicates that a defendant may be convicted of attempted battery for knowing *or* intentional conduct, the *Matthews* court also stated that "[t]he Indiana attempt statute limits this inchoate crime to intentional conduct" and "[t]he intent required in attempted battery with a deadly weapon is the intent to touch another person in a rude, insolent or angry manner." *Id.* at 849, 850. These statements support our holding that to obtain a conviction for attempted battery, the State must prove intent to batter. Further, *Matthews* was decided four years prior to *Spradlin*. To the extent the *Matthews* decision allows a conviction upon proof of knowing conduct, the decision is inconsistent with *Spradlin* and thus of questionable authority.[4]

■ The State also argues that the instructions as a whole cured any error in the attempted battery instruction.[5] This argument is negated by two concepts from the *Spradlin* line of cases. First, when a defendant objects at trial to the instruction on the elements of attempt, the defendant is entitled to automatic reversal if the trial court gives the erroneous instruction over the objection. *Greer v. State*, 643 N.E.2d 324, 326 (Ind.

1994). Second, where the erroneous elements instruction advises the jury that the defendant can be convicted for knowing conduct (rather than intentional conduct), a general instruction on specific intent cannot cure the error. *Id.* at 327; *Clark v. State*, 668 N.E.2d 1206, 1210 (Ind.1996). Nothing in the *Spradlin* line indicates that these two concepts are limited to attempted murder cases; rather, once we apply the *Spradlin* rule to attempted battery, logic requires that we also apply the corresponding standards of review. As such, the *Greer* and *Clark* standards are applicable here.

Richeson objected to the erroneous elements instruction, giving the trial court an opportunity to correct the instruction. Further, the trial court's specific intent instruction did not explain that an attempted battery conviction requires proof of intent to batter. To fulfill the *Spradlin* requirement as it applies to this case, the attempted battery instruction should have incorporated the format suggested in the Pattern Jury Instructions or a format parallel to that approved in the *Spradlin* line of cases. Richeson's attempted battery conviction must be reversed.

## II. Evidentiary Sufficiency

■ Given our decision on the jury instruction issue, we address Richeson's evidentiary argument only to determine whether the evidence is sufficient to allow the State to retry Richeson on the attempted battery charge. If the conviction is reversed for insufficient evidence, the constitutional protections against double jeopardy in the United States and Indiana Constitutions prohibit retrial. *Burks v. United States*, 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1978);

---

4. The *Matthews* decision also declared that "battery is not a specific intent crime." 476 N.E.2d at 850. In *Henderson v. State*, 534 N.E.2d 1105 (Ind.1989), our supreme court explained that "the description [in *Matthews*] of battery as not a specific intent crime was an unnecessary and inadvertent reference." 534 N.E.2d at 1108. Similarly, in *Pacheco v. State*, 444 N.E.2d 343 (Ind.Ct.App.1983), this court indicated that a defendant could be convicted of attempted battery if the facts established that the defendant was aware of a high probability that his shots would strike another person. *Id.* at 343–44. *Pacheco* was decided before *Spradlin* and is thus no long-

er applicable law with regard to the culpability necessary for attempted battery.

5. In particular, the State claims that the following instruction cured any error in the elements instruction: "The liability of the defendant turns on his purpose as manifested through his conduct. If the defendant's conduct, in light of all the relevant facts involved, constitutes a substantial step toward the commission of the crime and is done with the necessary specific intent, then the defendant has committed an attempt." *Record* at 87, Instruction No. 10.

*Warner v. State*, 579 N.E.2d 1307, 1311 (Ind. 1991). If, however, the evidence most favorable to the State allows a reasonable and logical inference of guilt, double jeopardy does not bar a retrial. *See Brewer v. State*, 646 N.E.2d 1382, 1386 (Ind.1995) (court must affirm if evidence is sufficient to allow a logical inference of guilt).

█ Richeson contends there is no evidence that he intended to hit anyone when he fired at Foster's home. We disagree. The Record demonstrates that Richeson fired armor-piercing bullets at Michael Foster's home in the middle of the night to retaliate against Foster for hurting one of his (Richeson's) friends. *Record* at 810 (Richeson Statement at 4–5). Michael Foster testified that when the shots entered his home, he was afraid for his life. *Record* at 217. One of the investigating officers testified that more than fifteen shots were fired into the home, and that many of those shots were fired into the windows and the doorway. *Record* at 340–341. From this evidence, a reasonable jury could conclude that Richeson attempted to commit battery against Michael Foster. Accordingly, the State may retry Richeson for attempted battery against Michael Foster.

Reversed and remanded for action consistent with this opinion.

SHARPNACK, C.J., concurs.

FRIEDLANDER, J., dissents with separate opinion.

FRIEDLANDER, Judge, dissenting.

I respectfully dissent from the majority's conclusion that *Spradlin v. State*, 569 N.E.2d 948 (Ind.1991) compels reversal of the attempted battery conviction because of a faulty jury instruction. I believe that, in so doing, the majority has effected an unwarranted extension of the principle announced in *Spradlin*.

In *Spradlin*, the court overturned an attempted murder conviction because it determined that the instruction setting out the elements of attempted murder was defective. The instruction in question failed to inform the jury that the defendant must have acted with the requisite specific intent, *i.e.*, must have intended to kill the victim.

The pivotal question in the instant case is whether the principle announced in *Spradlin* extends beyond attempted murder and applies to the offense of attempted battery. The majority answers this question in the affirmative. This case represents the first Indiana appellate decision to extend the *Spradlin* holding beyond attempted murder. In reaching its conclusion that *Spradlin* should be extended, the majority decides two additional matters not heretofore resolved in Indiana: 1) specific intent is a required element of attempted battery; and 2) the specific intent concept is required for all attempt instructions. Building upon these conclusions, the majority's final conclusion is that the supreme court intended that the *Spradlin* rule should be applied broadly enough to include the offense of attempted battery.

I do not agree that the rule announced in *Spradlin* should be extended beyond the context in which that case was decided, *i.e.*, in cases involving attempted murder. The majority's conclusion in this regard is based upon its interpretation of certain language in *Spradlin* that arguably may be understood to implicitly support such a position. However, the fact remains that the supreme court did not explicitly manifest such an intention in *Spradlin* and has not done so since. Accordingly, I do not believe *Spradlin* is controlling in a case involving attempted battery.

In my view, for purposes of instructing a jury on the intent element, attempted murder differs from attempted battery in one important respect: the former requires knowing or intentional commission of an act which is intended to accomplish a specific result (killing), while the latter requires only proof of a knowing or intentional act (angry or rude touching). The instruction deemed defective in *Spradlin* allowed the jury to convict of attempted murder if it determined that the defendant knowingly or intentionally struck, stabbed, or cut the victim, without regard to whether he intended thereby to kill the victim. In other words, the jury was instructed that it could convict even if the attack was undertaken without an intent to kill.

Attempted battery, on the other hand, does not require more than a knowing attempt to accomplish an angry or rude touching. There is no requirement, for instance, to prove that the touching was intended to bring about a certain result. The result and the conduct in question are one and the same—an angry or rude touching. I believe that the instruction in the instant case adequately advised the jury of the elements of attempted battery, including the scienter element. In fact, the instruction substantially restates the statutory definitions of the offenses of attempt and battery. It instructed the jury that in order to prove Richeson guilty of attempted battery, the State must show that he knowingly or intentionally took a substantial step to accomplish a rude or angry touching. This instruction adequately clarified that, in order to find Richeson guilty of attempted battery, the jury had to be convinced that Richeson intended a rude or angry touching while committing an act for the purpose of accomplishing that result.

In summary, I believe *Spradlin* applies only in cases involving attempted murder and therefore does not compel the majority's result. I also believe the instruction in question adequately and correctly advised the jury of the elements of attempted battery. I would affirm the conviction of attempted battery.