Walter William RICHESON, Appellant
(Defendant Below ),

v.

STATE of Indiana, Appellee
(Plaintiff Below ).

No. 45S05–9710–CR–558.

Supreme Court of Indiana.

Dec. 15, 1998.

Charles E. Stewart, Jr., Crown Point, for Appellant.

Jeffrey A. Modisett, Attorney General, Geoff Davis, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

Does the rule on intent announced in *Spradlin v. State,* 569 N.E.2d 948 (Ind.1991), apply to crimes other than murder? We hold it does not.

Appellant Walter William Richeson was convicted of attempted battery, Ind.Code § 35–41–5–1; Ind.Code § 35–42–2–1(a)(3), and criminal recklessness, Ind.Code § 35–42–2–2(b). He appeals only the attempted battery conviction, contending that the trial court wrongly instructed the jury on mens rea. He also challenges the sufficiency of the evidence. We affirm.

### Factual Background and Procedural History

Richeson attended a party on November 15, 1993, where Andrew Przybyla and Adam Glenn were present. The three men discussed a drive-by shooting of Glenn's home that predated the party, for which they believed Michael Foster was responsible. They decided to drive by and "shoot up [Foster's] house" with semi-automatic assault rifles in retaliation. Glenn drove slowly past the Fos-

ter residence once, then turned around for a second pass. As Glenn drove past Foster's house the second time, Przybyla shot out of the passenger side and over the roof of the car, while Richeson shot out of the hatchback from the back seat. Armor-piercing bullets passed through the walls, windows and front door, and penetrated the living space of Michael Foster's home while he told his parents to "get down" and attempted to dial 911. Neither Foster nor his parents were hit.

After the close of the evidence, the trial judge instructed the jury that:

> To convict the defendant of the lesser offense of Attempted Battery ... the State must have proved each of the following elements:
>
> The defendant:
>
> 1. knowingly or intentionally;
> 2. took a substantial step to accomplish[;]
> 3. the touching of another person ... in a rude, insolent, or angry manner;
> 4. and that the act was committed by means of a deadly weapon.

(R. at 84.) Richeson objected to this attempted battery instruction at trial because it informed the jury that it could convict him if it found that he knowingly, but not intentionally, attempted to touch the victims. The trial court did not delete the "knowingly or" language from the disputed instruction, but instead additionally instructed the jury that, to constitute an attempt, the defendant's conduct must be "done with the necessary specific intent."

## I. Attempted Battery Instruction

In *Spradlin v. State*, we held that a jury instruction purporting to set out the elements of attempted murder "must inform the jury that the State must prove beyond a reasonable doubt that the defendant, *with intent to kill* the victim, engaged in conduct which was a substantial step toward such killing." 569 N.E.2d at 950 (emphasis added). Richeson urges us to extend *Spradlin* to attempted battery, requiring the trial court to instruct the jury that the State must prove "that the defendant acted with the *specific intent* to touch the victims in a rude, insolent, or angry manner."[1] (Appellant's Br. at 8–9 (emphasis added).)

Although we have used broad language suggesting an intent to extend *Spradlin* to all attempt crimes,[2] decisions in the Court of Appeals indicate that the issue is far

1. Richeson argues at trial and on appeal that the trial court should have instructed the jury that the State must prove specific intent. Review of case law from this Court and the Court of Appeals indicates that the term "specific intent" has several conflicting definitions.

   In an attempted murder prosecution, specific intent has meant that the defendant must have taken a substantial step toward the commission of a murder, with the intent to kill, not simply knowing a high probability of or reckless disregard for the fact that death may result. *Spradlin*, 569 N.E.2d at 950. In the attempted rape context, specific intent has meant that the defendant must have taken a substantial step toward the commission of a knowing or intentional rape, but not a reckless one. *Wells v. State*, 568 N.E.2d 558, 562 (Ind.Ct.App.1991). Specific intent in an attempted burglary action does not prescribe a requisite level of mens rea for the burglary itself, but rather requires that the defendant intended to commit the underlying felony once he broke into and entered onto the premises. *Bowen v. State*, 671 N.E.2d 1182, 1187 (Ind.Ct.App. 1996), *rev'd on other grounds by Bowen v. State*, 680 N.E.2d 536 (Ind.1997).

   The term has been used to exclude application of the attempt statute to *all* crimes that contain the mental element of recklessness. *Henderson v. State*, 534 N.E.2d 1105, 1107 (Ind.1989); *Tun-* stall *v. State*, 451 N.E.2d 1077, 1079 (Ind.1983). It has been distinguished from "general intent" and been defined as the particular mental state required for a particular crime, instead of all mental states or the notion of mens rea generally. *Henderson*, 534 N.E.2d at 1107. Finally, specific intent has been held to mean an intent to commit the crime on a particular date and at a particular time, rather than the intent to do something on an undetermined occasion. *Id.*

   In many of these cases, use of the term "specific intent" was an "unnecessary reference." *Id.* at 1108. To avoid furthering the confusion generated by the conflicting definitions of "specific intent," we have not used that term in the statement of our holding.

2. *See, e.g., Taylor v. State*, 616 N.E.2d 748, 748 (Ind.1993) ("When applying Indiana's general attempt statute, Ind.[ ]Code Ann. § 35–41–5–1 (West 1986), we have emphasized that mere intent to take a certain action is not by itself sufficient to sustain a criminal conviction. The State must also prove that the defendant intended to commit the crime."); *Spradlin*, 569 N.E.2d at 951 ("There can be no 'attempt' to perform an act unless there is a simultaneous 'intent' to accomplish such act. Simply stated, in order to attempt to commit a crime, one must intend to

from settled, and a split of authority originating in that court has prompted our review in this case.[3] The issue, then, is whether the attempt statute, Ind.Code § 35–41–5–1, requires the State to prove in an attempted battery prosecution that the defendant took a substantial step toward the completion of an intentional battery. We hold that it does not, and we expressly limit *Spradlin* to attempted murder.

█ Indiana's attempt statute, Ind.Code § 35–41–5–1(a), provides: "A person attempts to commit a crime when, acting *with the culpability required for the commission of that · crime,* he engages in conduct that constitutes a substantial step toward the commission of the crime" (emphasis added). The culpability required for battery is "knowingly or intentionally." Ind.Code Ann. § 35–42–2–1(a) (West 1998). We conclude that the attempt and battery statutes, when taken together, do not require an attempted battery instruction providing that the State must prove that the defendant *intended* to batter. Rather, if the instruction requires the State to prove that the defendant took a substantial step to accomplish a *knowing or intentional* battery, then the two statutes are satisfied.[4]

This straightforward application of the attempt statute to the battery statute does not change our interpretation of its application to the murder statute, Ind.Code § 35–42–1–1, nor does it require that we overrule *Spradlin* and its progeny. Attempted murder is a special case, deserving special treatment. Accordingly, we neither remove the gloss that we placed on the attempt statute when it is applied in the context of murder, nor do we expand that gloss to cover other contexts.

Murder has traditionally been treated differently by this Court and by the legislature.

For example, the General Assembly has classified murder as its own offense, Ind.Code § 35–42–1–1, with its own sentencing range, Ind.Code § 35–50–2–3, separate from the felony-misdemeanor classifications and the sentencing system for all other criminal offenses.

Moreover, we think that the distance between perpetrator and victim in many attempted murder cases poses special problems of "intent ambiguity." In other attempt prosecutions, the probable or intended victim and result are often clearly indicated by the facts and circumstances surrounding the commission of the crime. *See, e.g., Jackson v. State,* 683 N.E.2d 560 (Ind.1997) (attempted rape case where victim was targeted and intent to rape was expressly stated); *Miller v. State,* 591 N.E.2d 146 (Ind.Ct.App.1992) (attempted kidnaping case where victim was targeted and intent to kidnap was obvious from the circumstances).  ·

In many attempted murder cases, however, the victim, the result, or both, are more difficult to ascertain. A drive-by shooting is the paradigm problematic attempted murder case. In such cases it is often unclear whether the defendant intended to murder or to batter, whether he knew of a high probability of death or a touching, or whether he simply recklessly disregarded either. Such ambiguity carries with it the risk that the jury will fail to distinguish between levels of culpability, imposing a penalty for reckless actions, rather than for intentional or knowing ones. In order to ensure that juries sort out the higher level of culpability in attempted murder prosecutions, we construed the attempt statute in *Spradlin* to require proof that the defendant intended death.

While attempted battery can involve this same type of ambiguity, unlike attempted

---

commit that crime while taking a substantial step toward the commission of the crime.").  ·

**3.** *Compare Richeson v. State,* 685 N.E.2d 709 (Ind.Ct.App.1997) (relying on attempted murder cases in reversing conviction because attempted battery instruction permitted jury to convict if it found that defendant knowingly took a substantial step toward touching the victim in a rude, insolent or angry manner) *with Douglas v. State,* 634 N.E.2d 811, 816 (Ind.Ct.App.1994) (distinguishing attempted murder instruction cases in approving attempted robbery instructions that

allowed jury to convict if it found that defendant knowingly or intentionally took a substantial step toward taking property by using force or threat of force, putting victim in fear), *aff'd on reh'g,* 640 N.E.2d 73 (Ind.Ct.App.1994), *trans. denied,* Oct. 12, 1994.

**4.** While the instruction in this case applies the proper mens rea, it improperly applies that mental state to the substantial step rather than to the attempted result, the battery itself. Richeson has not raised that error on appeal; as a result, we will not discuss it here.

murder, attempted battery is not subject to the most severe penalty imposed by the legislature for attempted crimes, that of a Class A felony. Ind.Code Ann. § 35–41–5–1(a) (West 1998); Ind.Code Ann. § 35–42–2–1 (West 1998). An attempted murder conviction subjects a defendant to a penalty that is two and one-half to *fifty times* higher than the penalty for attempted battery.[5] The lower sentence range for attempted battery convictions reduces the need for a heightened mens rea requirement to protect against jury confusion caused by ambiguity, because, while the risk of confusion remains similar, the harm that might result from such confusion is much less severe. It is the higher sentence range for attempted murder *in combination with* the ambiguity involved in the proof of that crime that justifies the result in *Spradlin* and distinguishes other types of attempt prosecutions that involve either stringent penalties,[6] or ambiguity,[7] but not both.

We conclude that the special precautions we took in *Spradlin* are not warranted for lesser offenses. We hold, therefore, that the attempt statute permits an instruction that the jury may convict upon proof that the defendant took a substantial step toward a *knowing* battery.

## II. Sufficiency of the Evidence

Richeson challenges the sufficiency of the evidence to support his conviction for the attempted battery of Michael Foster. In reviewing such claims, we consider only evidence that supports the verdict, and draw all reasonable inferences therefrom. We do not reweigh the evidence nor do we judge the credibility of witnesses. We uphold a conviction if there is substantial evidence of probative value from which a jury could have found

the defendant guilty beyond a reasonable doubt. *Loyd v. State*, 272 Ind. 404, 398 N.E.2d 1260 (1980).

Richeson argues that the State provided no evidence that he intended to hit Michael Foster when he fired at the Foster home. As discussed above, the State need only provide evidence that Richeson knew of a high probability that the drive-by shooting would result in the bullets touching Foster. The evidence most favorable to the verdict indicates that Richeson fired armor-piercing bullets from a semi-automatic assault rifle at Foster's home in the middle of the night. This evidence provides a reasonable jury with ample grounds to conclude that Richeson attempted to batter Foster. We hold, therefore, that sufficient evidence supports Richeson's attempted battery conviction.

## Conclusion

We affirm the judgment of the trial court.

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.

---

**5.** *Compare* Ind.Code Ann. § 35–41–5–1(a) (West 1998) ("an attempt to commit murder is a Class A felony.") *and* Ind.Code Ann. § 35–50–2–4 (West 1998) (sentence for Class A felony) *with* Ind.Code Ann. § 35–41–5–1(a) (West 1998) (other than attempted murder, "[a]n attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted.") *and* Ind. Code Ann. § 35–42–2–1 (West 1998) (providing that battery ranges from a Class A misdemeanor to a Class B felony) *and* Ind.Code Ann. § 35–50–3–2 (West 1998) (sentence for Class A misde-

meanor) *and* Ind.Code Ann. § 35–50–2–5 (West 1998) (sentence for Class B felony).

**6.** See, *e.g.*, Ind.Code Ann. § 35–41–5–1 (West 1998) (attempt); Ind.Code Ann. § 35–42–3–1 (West 1998) (kidnaping); Ind.Code Ann. § 35–42–4–1 (West Supp.1998) (rape).

**7.** *See, e.g.*, Ind.Code Ann. § 35–41–5–1 (West 1998) (attempt); Ind.Code Ann. § 35–42–2–1 (West 1998) (battery).