## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 07 2019, 5:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew R. Falk
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Howard Cupp,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

October 7, 2019

Court of Appeals Case No.
18A-CR-928

Appeal from the Hendricks
Superior Court

The Honorable Stephenie LeMay-Luken, Judge

Trial Court Cause No.
32D05-1712-F6-1168

**Barnes, Senior Judge.**

# Statement of the Case

[1] James Howard Cupp appeals his conviction of domestic battery, a Level 6 felony.[1] We affirm.

# Issue

[2] Cupp raises one issue: whether the State presented sufficient evidence to sustain his conviction.

# Facts and Procedural History

[3] Cupp and Reina Frey have three children together, all under the age of five. They used to live together, but Frey and the children went to live with her parents in late November 2017. Cupp moved in with a friend.

[4] On the night of December 10, 2017, Frey, Cupp, and their children ate dinner at a restaurant. Next, the family drove around Plainfield and parked in different lots so that Cupp could see the children and talk with Frey. Frey was driving her vehicle, a black SUV. Cupp sat in the front passenger seat, and the three children were in the back seats.

[5] At eleven o'clock, Cupp asked Frey to take him to a hospital because stitches had come out of his hand. They went to a hospital in Danville, but when they

---

[1] Ind. Code § 35-42-2-1.3 (2016).

arrived, Cupp changed his mind and declined to enter the hospital. Frey drove Cupp back to his residence in Plainfield, arriving after 11:30 p.m.

[6] Upon arriving at Cupp's residence, he refused to get out of Frey's vehicle. Frey repeatedly told him to get out, but he declined. The two began to argue, and Cupp, whose feet were resting on the dash, pushed at the windshield. It was already cracked, but Cupp caused it to develop a second crack on the passenger side.

[7] Frey took out her cell phone and began to record Cupp because she "didn't want to be blamed for the damage on [her] car." Tr. Vol. II, p. 104. The video recording shows Cupp reaching toward Frey as he angrily says, "Don't f*****g record me." State's Ex. 1. After a brief struggle, he took her phone while she screamed loudly. Cupp threw the phone out of the vehicle, and Frey left the SUV to pick it up. After she retrieved her phone, Cupp got out of the SUV, and Frey left with the children.

[8] As she drove away, Frey noticed blood on her phone and then determined that her bottom lip was swollen and bleeding. Her lip had not been bleeding before she began to record Cupp. Frey had slipped and fallen as she retrieved her phone, but she did not recall anything contacting her face as she fell. She drove to the Plainfield Police Department's (the PPD) offices.

[9] At 1 a.m. on December 11, 2017, Officer Javier Casas of the PPD was dispatched to the PPD's offices to investigate a report of a domestic battery. He was directed to a black SUV in the parking lot, where he encountered Frey.

She was "quite upset and distraught." Tr. Vol. II, p. 83. Frey's three children were still with her. Officer Casas told her "she was safe," and "she sorta broke down a little." *Id.* at 84. Medics also arrived at the scene and determined Frey did not need to go to the hospital. Officer Casas noted the passenger side of the SUV's windshield was "shattered." *Id.* at 83.

[10] Officer Casas entered the offices with Frey and her children. He interviewed her, taking an oral and written statement from her. Frey "kept on becoming emotional and breaking down" during the interview as she discussed what happened. *Id.* at 87. Officer Casas took a photograph of Frey's face.

[11] On December 12, 2017, the State charged Cupp with domestic battery, a Level 6 felony, and criminal mischief, a Class B misdemeanor. The trial court issued a no-contact order, barring Cupp from contacting Frey.

[12] On January 10, 2018, two days prior to Frey's deposition in this case, Cupp called Frey. The call was recorded.[2] Cupp asked Frey what she was going to say, and she said she was going to tell the truth. When he told her she did not have to go to court, she responded that she had been subpoenaed and was required to appear. Cupp then threatened to have his attorney charge her with

---

[2] During the call, Cupp pretended to be someone else and repeatedly referred to himself in the third person as "Howie," although he once referred to himself as "I" rather than "Howie." State's Ex. 7. During trial, Frey indicated Cupp was the caller.

a felony, claiming she had attempted to drive away with him in the car against his will.

[13] A jury determined Cupp was guilty of domestic battery but not guilty of criminal mischief. The trial court imposed a sentence, and this appeal followed.

# Discussion and Decision

[14] Cupp claims the State failed to present sufficient evidence to sustain his conviction. In reviewing such claims, we consider only evidence that supports the verdict and draw all reasonable inferences therefrom. *Richeson v. State*, 704 N.E.2d 1008, 1011 (Ind. 1998). We do not reweigh the evidence nor do we judge the credibility of witnesses. *Id.* We uphold a conviction if there is substantial evidence of probative value from which a jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

[15] To obtain a conviction of domestic battery as charged, the State was required to prove beyond a reasonable doubt that: (1) Cupp; (2) who is a person of at least eighteen years of age; (3) knowingly or intentionally; (4) touched a household member (Frey); (5) in a rude, insolent, or angry manner; (6) in the physical presence of a child less than sixteen years of age (their three children). Ind. Code § 35-42-2-1.3 (a)(1) & (b)(2); Appellant's App. p. 2.[3]

---

[3] A separate subsection of Indiana Code section 35-42-2-1.3 provides that domestic battery is also a Level 6 felony if it results in moderate bodily injury. *See* Ind. Code § 35-42-2-1.3 (b)(3). The State did not cite that

[16] Cupp argues there is insufficient evidence that he knowingly or intentionally touched Frey in a rude, insolent, or angry manner. We disagree. Cupp and Frey argued because Cupp refused to get out of her SUV, and he (intentionally or not) damaged her windshield. When she began recording him, he angrily told her to stop recording him and reached for her phone. After a short struggle, Cupp gained control over the telephone and threw it out of the SUV while Frey screamed loudly.

[17] Cupp left the SUV after Frey retrieved her phone. As she drove away, she noticed blood was on her phone and her bottom lip was swollen and bleeding. She had not been bleeding before she began recording Cupp, and she had not sustained the injury while she retrieved her phone from the ground. A reasonable jury could have concluded that Frey sustained her injury while struggling with Cupp. Bodily injury is not an element of the offense charged here, but the injury is evidence that Cupp knowingly or intentionally touched Frey in a rude, insolent, or angry manner.

[18] When Officer Casas interviewed Frey, she was distraught and crying. He noticed her injured lip and took a photograph. Finally, Cupp called Frey two days before her deposition. He told her she did not have to appear at trial and further threatened to have his attorney charge her with a felony. Cupp's

_____

subsection when it charged Cupp, and as a result the State was not required to prove as an element of the offense that Cupp injured Frey.

attempts to intimidate Frey into not testifying undermine his claim that he did not knowingly or intentionally touch her in a rude, insolent, or angry manner.

[19] The foregoing evidence provided a sufficient basis for the jury to determine beyond a reasonable doubt that Cupp was guilty of domestic battery because he struggled with Frey, resulting in her phone striking her face. *See Impson v. State*, 721 N.E.2d 1275, 1285 (Ind. Ct. App. 2000) (affirming defendant's conviction of B misdemeanor battery; defendant committed the required touching by knocking victim's glasses off of his face, even though he did not touch the victim's body).

[20] Cupp points to Frey's cross-examination testimony, during which she said that Cupp did not hit her in a rude, insolent, or angry manner. Cupp further claims Frey could have injured herself after Cupp got out of her SUV. Finally, Cupp cites to a statement he gave to Officer Casas, during which he said he did not intend to hurt Frey. These arguments are all requests to reweigh the evidence, which our standard of review forbids.

# Conclusion

[21] For the reasons stated above, we affirm the judgment of the trial court.

[22] Affirmed.

Crone, J., and Pyle, J., concur.