Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 27 2014, 9:41 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK I. COX**
The Mark I. Cox Law Office, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID D. DARR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 89A04-1307-CR-324 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WAYNE CIRCUIT COURT
The Honorable David A. Kolger, Judge
Cause No.89C01-1303-FD-82

**January 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

David D. Darr appeals his conviction of Class D felony dealing in a sawed-off shotgun.[1]  He argues on appeal the weapon was not a shotgun.  We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 5, 2013, Darr went to Knuckleheads Bar in Richmond, Indiana, and offered to sell a gun from which the shoulder stock had been removed.  The gun's overall length was seventeen inches, and its barrel was thirteen inches long.  Police seized the gun and arrested Darr.

## DISCUSSION AND DECISION

When asked to review the sufficiency of evidence supporting a conviction, we do not reweigh the evidence or judge the credibility of the witnesses.  *Arthur v. State*, 499 N.E.2d 746, 747 (Ind. 1986).  We consider only the evidence favorable to the State, together with all reasonable inferences drawn therefrom. *Id.*  If there is substantial evidence of probative value supporting each element of the crime charged, we will affirm the conviction. *Id.*

There was ample evidence the gun Darr offered to sell was a sawed-off shotgun.  A shotgun is:

> A weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed shotgun shell to fire through a smooth bore either a number of ball shot or a single projectile for each single pull of the trigger.

Ind. Code § 35-47-1-11.  A sawed-off shotgun is:

> (1)   a shotgun having one (1) or more barrels less than eighteen (18)

---

[1] Ind. Code § 35-47- 5-4.1.

inches in length; and

      (2)    any weapon made from a shotgun (whether by alteration, modification, or otherwise) if the weapon as modified has an overall length of less than twenty-six (26) inches.

Ind. Code § 35-47-1-10.

Darr argues the gun in question is not within the statutory definition of sawed-off shotgun because "to be a sawed-off shotgun, it first has to be a shotgun." (Appellant's Br. at 3.) Darr argues this gun was not because it did not have a butt stock and, as it could not be fired from the shoulder, it was not "[a] weapon designed or redesigned, made or remade, and intended to be fired from the shoulder[.]" Ind. Code § 35-47-1-11.

Even if the gun was not within the statutory definition of a shotgun, it was within the statutory definition of a sawed-off shotgun, as there was evidence it was a "weapon made from a shotgun (whether by alteration, modification, or otherwise) if the weapon as modified has an overall length of less than twenty-six (26) inches." Ind. Code § 35-47-1-10. A Richmond police officer testified the weapon Darr tried to sell was "a highly modified shotgun. It was missing its butt stock, the barrel was obviously cut down . . . ." (Tr. at 301.) He identified the shell seized with the gun as a twelve-gauge shotgun shell. There was sufficient evidence to permit Darr's conviction of selling a sawed-off shotgun, and we accordingly affirm his conviction.

Affirmed.

VAIDIK, C.J., and RILEY, J., concur.